UNITED STATES ex rel. LE GRAZIE v. WALLIS, Commissioner of Immigration, and four other similar cases.

### In re RADZIEJEWSKI.

(District Court, S. D. New York. May 10, 1921.)

War ⊙⟶33—War-time regulations requiring passports continued in force.

Act May 22, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 7628e et seq.), authorized the President, when the United States is at war, if the public safety requires, to impose restrictions on the departure of persons from and their entry into the United States, and provided, inter alia, that, on proclamation of the President, "it shall, until otherwise ordered by the President or Congress," be unlawful for any alien to depart from or enter the United States, except under such regulations and subject to such limitations as the President shall prescribe. Diplomatic and Consular Appropriation Act March 2, 1921, § 1, provides that the provisions of Act May 22, 1918, in so far as they relate to requiring passports and visés from aliens seeking to come to the United States, shall continue in force until otherwise provided by law. *Held*, that the effect was to remove such provisions from the class of so-called "war legislation," and that they were not terminated by the Joint Resolution of March 3, 1921, providing that any act or provision by its terms in force only during the existence of a state of war should be construed as if the war terminated on the date the resolution became effective.

Habeas Corpus. Separate Petition for writs by Pasquale Le Grazie, as next friend, etc., by Juda Feld and others, by Sam Woniski, as next friend of Israel Woniski and as next friend of Moses Tanenbaum, and by Vincenzo Giovanniello, each against Frederick A. Wallis. Commissioner of Immigration at New York. In the matter of Ben Radziejewski. Writs denied.

Order affirmed 278 Fed. 840.

Benjamin I. Taylor, of New York City, for relators Le Grazie, Ciasca, and Frugis.

Leo Wolfson, of New York City, for relators Feld.

Kevie Frankel, of New York City, for relators Woniski and Tanenbaum.

Solomon Brinn, of New York City, for relator Giovanniello.

Samuel Hershenstein, of New York City (Howard E. Reinheimer, of New York City, of counsel), for Ben Radziejewski.

Francis G. Caffey, U. S. Atty., of New York City (Keith Lorenz, Asst. U. S. Atty., of New York City, of counsel), for respondent.

MACK, Circuit Judge. "An act making appropriations for the diplomatic and consular service for the fiscal year ending June 30, 1922,"

⊙⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

being Public Act No. 357, Sixty-Sixth Congress, approved March 2, 1921 (41 Stat. 1205, 1217), provides as follows:

"Expenses, Passport Control Act.

"For expenses of regulating entry into the United States in accordance with the provisions of the act approved May 22, 1918, and of this act, to be immediately available, $600,000: Provided, that the provisions of the act approved May 22, 1918, shall, in so far as they relate to requiring passports and vises from aliens seeking to come to the United States, continue in force and effect until otherwise provided by law."

"Joint resolution declaring that certain acts of Congress, joint resolutions, and proclamations shall be construed as if the war had ended and the present or existing emergency expired," being Public Resolution No. 64, Sixty-Sixth Congress, approved March 3, 1921 (41 Stat. 1359), provides:

"And any act of Congress, or any provision of any such act, that by its terms is in force only during the existence of a state of war, or during such state of war and a limited period of time thereafter, shall be construed and administered as if such war between the governments and people aforesaid terminated on the date when this resolution becomes effective, any provision of such law to the contrary notwithstanding, excepting, however, from the operation and effect of this resolution" certain acts not now in question.

An act approved May 22, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 7628e et seq.), entitled "An act to prevent, at any time of war, departure from and entry into the United States, contrary to public safety," provides:

"When the United States is at war, if the President shall find that the public safety requires that restrictions and prohibitions in addition to those provided otherwise than by this act be imposed upon the departure of persons from and their entry into the United States, and shall make public proclamation thereof. It shall, *until otherwise ordered by the President or Congress*, be unlawful—

"(a) For any alien to depart from or enter or attempt to depart from or enter the United States except under such reasonable rules, regulations, and orders. and subject to such limitations and exceptions as the President shall prescribe."

The question presented on these writs of habeas corpus is whether the repeal of the war-time act of May 22, 1918, by virtue of Public Resolution of March 3, 1921, is effective as to all of the provisions of that act, notwithstanding the act approved March 2, 1921, above set forth.

The effect of the act of March 2, 1921, was to extend the passport and visé provisions of the act of May 22, 1918, beyond the period set forth in that act, namely, when the United States is at war, and to that extent to repeal this time limitation upon the passport and visé provisions of that act. Text, context, and the legislative history of this proviso clearly support this construction. 60 Congressional Record, February 24, 1921, pages 4018 to 4022, inclusive. See also Opinion of Attorney General to Secretary of State, March 30, 1921.

These provisions were not, therefore, by their terms "in force only during the existence of a state of war," and are therefore not repealed by the joint resolution of March 3, 1921.

The writs will be dismissed.