## THROUMOULOPOLOU v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. February 3, 1925.)

No. 1820.

**Aliens ⬳54—Alien may not be deported on ground different from that on which he has been heard.**

The Department of Labor is without authority to order an alien deported on ground, not charged in the warrant of arrest, and on which the alien has not had a hearing, that she entered on a passport not issued or designed for her use, in violation of Act May 22, 1918, § 1e (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 7628e).

Appeal from the District Court of the United States for the District of Maine; John A. Peters, Judge.

Petition by Soteria E. Throumoulopolou for writ of habeas corpus. From a decree denying the writ, she appeals. Reversed and remanded, with directions.

John P. Deering, of Biddeford, Me., for appellant.

Frederick R. Dyer, of Portland, Me. (William B. Nulty, of Portland, Me., on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is a petition for a writ of habeas corpus. The petitioner is an alien, a citizen of Greece, who came to this country in 1923, and landed at Providence, R. I., November 1, 1923. On April 12, 1924, the Second Assistant Secretary of Labor issued a warrant to the district director of immigration at Portland, Me., charging the petitioner with being subject to arrest and deportation to the country whence she came on three grounds: (1) That she entered the country "without a properly visaed passport"; (2) that she entered it by false and misleading statements; (3) that she was likely to become a public charge—and commanding the district director to take her into custody and grant her a hearing. After hearing, the district director of immigration, on May 17, 1924, made a report to the Department of Labor, in which he stated that on April 24, 1924, a hearing was had, at which the alien had counsel, that the warrant of arrest was read to her, and that no additional charges were made; that the alien did not gain admission "by false and misleading statements made by herself"; that she was not a person "likely to become a public charge at the time of her entry," but that "she entered without a properly visaed passport"; and because of that he recommended she be deported.

The report having been forwarded to Washington, the Acting Secretary of Labor issued his warrant for her deportation, wherein he stated that he was satisfied on the proofs submitted that the alien was "subject to be returned to the country whence she came under section 19 of the

Immigration Act of February 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), to wit, the Passport Law (Act May 22, 1918 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 7628e–7628h]), and the President's proclamation thereunder, *in that she presented a passport issued for the use of and in the name of another person.*" It is to test the validity of the warrant of deportation that this habeas corpus proceeding is brought.

In the District Court it was found and ruled that there was ample evidence before the district director of immigration to warrant the three findings which he made in his report; that "the fact that the warrant for arrest issued for one or more causes of deportation and the warrant for deportation for another [was] not sufficient cause for dismissing the writ"; and that as the alien, as found by the district director, had entered the country without a passport duly visaed, and as under the Act of May 22, 1918, continued in force by the Act of March 2, 1921, c. 113, s. 1 (41 Stat. 1217; Comp. St. Ann. Supp. 1923, § 7628hh), her entry without a passport duly visaed was unlawful, her deportation was authorized; that the findings of fact by the director of immigration were "sufficient to justify in law the action taken, or proposed to be taken, and this court cannot further interfere." In other words, it was held that, as the Secretary of Labor would be warranted in ordering the alien deported on the finding of the district director that she entered the country without a passport duly visaed, the District Court could not interfere, because the Secretary of Labor had in fact ordered her deported upon a ground upon which she was not charged in the warrant of arrest, and which was not added as a charge and tried at the hearing before the district director.

We think this was error. If she is to be deported for "knowingly" using a passport "to enter, not issued or designed for her use" (Act May 22, 1918; 40 Stat. c. 81, § 1e [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 7628e]), it can be done only upon a finding to that effect by the district director after hearing before him upon such a charge. ·

The decree of the District Court is reversed, and the case is remanded to that court, with directions to discharge the petitioner.