**TAKEYO KOYAMA v. BURNETT, Immigration Inspector.**

(Circuit Court of Appeals, Ninth Circuit. November 23, 1925.)

No. 4637.

**I. War ⊜═33—War statute and passport regulations not abrogated by joint resolution fixing termination of war.**

Act May 22, 1918, § 1 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 7628e), making it unlawful during war for any alien to enter or depart from United States, except under regulations prescribed by the President, which was continued in force by Act March 2, 1921 (Comp. St. Ann. Supp. 1923, § 7628hh), and the passport regulations prescribed pursuant thereto, were not abrogated by Joint Resolution of March 3, 1921 (Comp. St. Ann. Supp. 1923, § 3115¼sf), fixing date of termination of war.

**2. Aliens ⊜═39—Affidavits not equivalent of passport, and government not estopped by representations of consular officers as to right of entry.**

An alien, entering the United States without a passport required by regulations made pursuant to Act May 22, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 7628e), continued in force by Act March 2, 1921 (Comp. St. Ann. Supp. 1923, § 7628hh), cannot rely on affidavits made before departing from the United States, and before returning thereto, as the equivalent of a passport, nor can the government be estopped by any representations made by its consular agent in the country from which such alien came.

Appeal from the District Court of the United States for the Territory of Hawaii; W. T. Rawlins, Judge.

Habeas corpus by Takeyo Koyama against A. E. Burnett, Immigration Inspector of the Port of Honolulu, Hawaii. From an order denying the writ, petitioner appeals. Affirmed.

Lightfoot & Lightfoot and J. Lightfoot, all of Honolulu, Hawaii, for appellant.

Charles F. Parsons, U. S. Atty., and Sanford B. D. Wood, Asst. U. S. Atty., both of Honolulu, Hawaii, and T. J. Sheridan, Asst. U. S. Atty., of San Francisco, Cal., for appellee.

Before GILBERT, RUDKIN, and McCAMANT, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from an order denying a petition for a writ of habeas corpus. The appellant is a subject of the Emperor of Japan. She arrived at the port of Honolulu, territory of Hawaii, May 18, 1918, and was there married to one Koyama, a citizen of the United States. She resided in Honolulu with her husband until the latter took up his residence in Los Angeles, Cal., September 1, 1920. June 26, 1922, she left Honolulu for the empire of Japan, taking with her her infant son. Prior to her departure she made an affidavit before a notary public at Honolulu, setting forth the fact of her citizenship, the date of her arrival in the territory of Hawaii, her marriage to Koyama, his citizenship, and that she intended to visit Japan temporarily for the benefit of her health. She returned to Honolulu June 16, 1923, and applied for admission to the United States. Before leaving Japan, she had presented herself at the United States consulate at Yokohama and made affidavit before the vice consul, stating that she was the identical person named in the affidavit theretofore made in Honolulu, and that it was her intention to return to Honolulu and join her husband. Her application to enter was denied by a Board of Special Inquiry on the ground that she was without a passport, and the decision of the board was affirmed on appeal.

The Act of May 22, 1918, provides:

"That when the United States is at war, if the President shall find that the public safety requires that restrictions and prohibitions in addition to those provided otherwise than by this act be imposed upon the departure of persons from and their entry into the United States, and shall make public proclamation thereof, it shall, until otherwise ordered by the President or Congress, be unlawful—

"(a) For any alien to depart from or enter or attempt to depart from or enter the United States except under such reasonable rules, regulations, and orders, and subject to such limitations and exceptions as the President shall prescribe." 40 Stat. 559 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 7628e).

The Act of March 2, 1921, provides:

"That the provisions of the Act approved May 22, 1918, shall, in so far as they relate to requiring passports and visés from aliens seeking to come to the United States, continue in force and effect until otherwise provided by law." 41 Stat. 1217 (Comp. St. Ann. Supp. 1923, § 7628hh).

The appellant is an alien, although married to a citizen of the United States, inasmuch as she herself might not be lawfully naturalized and it must be conceded that as an alien she had no right to enter the United States without a valid passport, or other official document in the nature of a passport, so long as the foregoing acts and the public proclamation of the President remained in force.

It is contended, however, that the Acts of May 22, 1918, and March 2, 1921, and the public proclamation of the President, were abrogated by the Joint Resolution of March 3, 1921, which provides:

"That in the interpretation of any provision relating to the duration or date of the termination of the present war or of the present or existing emergency, meaning thereby the war between the Imperial German government and the Imperial and Royal Austro-Hungarian government and the government and people of the United States in any acts of Congress, joint resolutions, or proclamations of the President containing provisions contingent upon the duration or the date of the termination of such war or of such present or existing emergency, the date when this resolution becomes effective shall be construed and treated as the date of the termination of the war or of the present or existing emergency, notwithstanding any provision in any act of Congress or joint resolution providing any other mode of determining the date of such termination.

And any act of Congress, or any provision of any such act, that by its terms is in force only during the existence of a state of war, or during such state of war and a limited period of time thereafter, shall be construed and administered as if such war between the governments and people aforesaid terminated on the date when this resolution becomes effective, any provision of such law to the contrary notwithstanding." 41. Stat. 1359 (Comp. St. Ann. Supp. 1923, § 3115¹⁴/₁₅f).

[1, 2] This position is untenable. It may well be that the Joint Resolution of March 3, 1921, would have the effect claimed if the Act of May 22, 1918, stood alone; but the very object of the Act of March 2, 1921, was to take the Act of May 22, 1918, and the proclamation of the President thereunder, out of the category of war legislation, so that they would not be affected by the termination of the war. When the Act of March 2, 1921, was passed, the Joint Resolution of March 3, 1921, was pending before Congress, and it would be all but absurd to say that Congress passed the law one day in order that it might suspend its operation on the next. As already stated, the very object and purpose of the Act of March 2, 1921, was to accomplish that which counsel contends was not in fact accomplished.

Nor is there any merit in the claim that the affidavits made before departing from Honolulu and before returning thereto constituted a passport, or an official document in the nature of a passport. Equally without merit is the claim that the government is estopped by representations made by its consular officers in Japan, if any such were in fact made. And if, as a matter of law, the appellant was not entitled to enter upon her own showing, the remaining assignments call for no comment.

The claim that she should have been examined by two immigrant inspectors, instead of by one, and the claim that deductions from the testimony made by the members of the Board of Special Inquiry were unwarranted and disclosed prejudice are of no consequence, even if well founded.

The order of the court below is affirmed.