UNITED STATES v. ONE AIRPLANE, etc.
(HAHN, Claimant and Intervener).

District Court, S. D. California, S. D.
December 23, 1927.

No. 2697-M.

1. Aliens ⬤➡40—Penal provision of War-Time Passport Act held not continued in force (War-Time Passport Act 1918 [22 USCA §§ 223-226]; 22 USCA § 227).

The penal provisions of War-Time Passport Act 1918 (22 USCA §§ 223-226), including those for forfeiture of vehicles, which by their terms were effective only when the United States was at war, were not continued in force by Act March 2, 1921, § 1 (22 USCA § 227).

2. Criminal law ⬤➡15—Reasonable doubt as to whether penal provisions of statute have been repealed should be resolved against government.

When there is reasonable doubt whether penal provisions of a statute have been repealed it should be resolved against the government.

Forfeiture. Libel. Proceeding by the United States against one airplane, Ansaldo type, Fiat engine, single propeller, biplane; E. M. Hahn, claimant, intervening. Libel dismissed.

Samuel W. McNabb, U. S. Atty., and Elden McFarland, Asst. U. S. Atty., both of Los Angeles, Cal., for libelant.

Sherman & Sherman, of Los Angeles, Cal., for claimant and intervener

McCORMICK, District Judge. In my opinion under the evidence in this matter, which is a libel brought by the government for the purpose of forfeiting an airplane under the provisions of the Acts of May 22, 1918 (22 USCA §§ 223-226), and March 2, 1921 (22 USCA § 227), the proceeding must be dismissed.

[1] It would appear that all penal provisions, which include those concerning forfeiture of vehicles in the War-Time Passport Act of May 22, 1918, have not been continued in force by the Act of March 2, 1921. Flora v. Rustad, 8 F.(2d) 335 (8th C. C. A.). See, also, U. S. v. Phelps (D. C.) 14 F.(2d) 679, and U. S. ex rel. Porter v. Yale (D. C.) 14 F.(2d) 682, and that subsequent legislation has supplanted the penal and forfeiture provisions of said War-Time Passport Act of 1918 so as to render such provisions inoperative and ineffectual. Johnson v. Keating, 17 F.(2d) 50 (1st C. C. A.).

[2] I have been unable to find any construction or interpretation of said War-time Passport Act by the Ninth Circuit Court of Appeals, except Koyama v. Burnett, 8 F.(2d) 940, and there is nothing in that decision that manifests a ruling in conflict with the decisions of the Circuit Courts of Appeals of the First and Eighth Circuits above cited. There is not apparent to me any real distinction between the penal provisions of the act imposing sentence upon the person of an offender and those that forfeit vehicles used to violate its provisions. Moreover, when reasonable doubt exists as to whether provisions of a statute that are penal in effect have been repealed, such doubt should be resolved against the government. See McFarland v. U. S. (6th C. C. A.) 19 F.(2d) 805 and 807.

With respect to the other ground of libel, I am of the opinion that under the evidence in this proceeding no forfeiture of the airplane can be decreed under the Tariff Act of 1922 (42 Stat. 858). This contention was not seriously urged by the government, but in any event in my opinion it has no merit.

The libel herein will be dismissed upon payment by claimant of all storage charges and costs, whereupon the airplane in controversy will be returned to E. M. Hahn, claimant and intervener herein.