# WELIN DAVIT & BOAT CORPORATION v. C. M. LANE LIFE BOAT CO., Inc.

## No. 4427.

District Court, E. D. New York.
Feb. 28, 1930.

Darby & Darby, of New York City (Samuel E. Darby, Jr., and John S. Bradley, both of New York City, of counsel), for plaintiff.

Charles H. Wilson, of New York City, for defendant.

CAMPBELL, District Judge.

This is a suit in equity in which plaintiff seeks relief by injunction and damages for the alleged infringement of patent No. 1,140,-469, issued by the United States Patent Office to Andreas P. Lundin, assignor to Welin Marine Equipment Company, for improvements in boats, granted May 25, 1915.

Defendant has answered interposing the defenses of invalidity and noninfringement.

The title of the plaintiff is unquestioned.

The invention relates to improvements in boats, particularly adapted for use as life boats.

Among the objects and features of the invention the inventor says, with reference to those that are material in this suit:

"By the use of my invention two or more similar shaped efficient life boats of increased stability and buoyancy, and of substantially as great seating capacity as the ordinary non-stowable life boat, may be readily stowed one on top of the other; the topmost boat will be capable of being loaded without preliminary adjustment or change of form; all parts of canvas or other similar flexible material heretofore used in collapsible life boats and which has proven unsatisfactory is eliminated. * * *

"The preferred form of my invention comprises a metallic shell having a substantially flat bottom and a well of oblong box-shape configuration, the sides of which well are reinforced and kept rigid by the usual marginal and cross seats and in any other well known way. * * *

"I also preferably provide what I shall term supplementary buoyant sides of balsa wood which are connected to the flat sides of the metallic shell in any suitable manner and round out the symmetrical contour of the boat."

"Another feature of my invention is the provision of a rigid metallic shell having flat sides with what I shall term 'supplementary sides' of highly buoyant material and preferably of balsa wood. I preferably so form such supplementary sides as to round out the contour of the boat. These supplementary sides may be secured to the metallic shell plate by lashing the same to the sides of the metallic shell or in any other suitable manner, and will not only materially add to the strength and stability of the life boat but will serve as fenders or guards to prevent injury to the boat in the event that it be bumped against the vessel in launching. Balsa wood when properly treated to close its pores is highly buoyant and will have substantially the same degree of buoyancy as would for instance metallic air-tight compartments of the same size, and furthermore in view of the fact that these supplementary sides do not form an integral part of the hull proper they may be ground to pieces or entirely destroyed by impact with the sides of the vessel without injuring the water-tight qualities of the boat."

This suit is based upon claims 2 and 4. Claim 2 reads as follows: "A boat comprising a rigid metallic shell comprising rounded fore and aft sections and an amidship section having a well polygonal in conformation, provided with seats and having flat outer sides, supplementary sides of highly buoyant material connected to the amidship section outer sides of the metallic shell to round out the contour of the boat, add to its stability and serve as fenders."

Claim 4 is substantially the same as claim 2, with the exception that the buoyant supplementary sides are stated to be "composed of balsa wood having its pores closed against the admission of water."

There is no patent or publication of the prior art, pleaded as an anticipation, which suggests the combination of elements found in the patent in suit, nor are all of the necessary elements found in any two of them.

An anticipation structure cannot be built up from various instances of the prior art where individual elements of the claimed combination are shown. Carnes Artificial Limb Co. v. Dilworth Arm Co. (D. C.) 273 F. 838, 842.

The Hall patent, No. 242,448, is for a life raft, and shows a boat nested in a raft of cork.

The Holmes patent, No. 248,097, shows a life boat constructed from any ordinary boat by simply attaching to it, on the inner and outer sides, air-tight metal tubes and alternating layers of cork.

The Duval patent, No. 281,622, shows a boat the sides of which are pitched inward from about the water line to the rail, with plates of cork countersunk in the sides, and secured thereto and conforming to the curve of the sides of the boat.

The Lovold patent, No. 429,928, shows a boat with a rectangular well, and a longitudinal exteriorly projecting hollow portion constituting a hollow keel, which when inverted on the deck may be employed for use as an ordinary deck seat.

Hussey patent, No. 497,375, shows a raft which may be folded together and is of interest in this litigation because it mentions balsa wood as a buoyant material.

Bluemcke patent, No. 544,608, shows a collapsible boat of canvas and rubber.

The defendant also offered other patents and publications to show the prior state of the art, but not as anticipations; but its expert witness confined his testimony to the following, in addition to those pleaded as anticipations, and I will only consider them:

Lukin patent (British), No. 1502, of 1785. There are no drawings attached to this patent, but it provides for attaching to the outside of boats and vessels, of the common or any other form, projecting gunwales made solid of any light material that will repel the water, or hollow and water-tight, or of cork and covered with thin wood, canvas, leather, tin, or any other light metal, mixture, or composition. These projecting gunwales slope from the top of the common gunwale in a faint curve toward the water, and are very small at the stem and stern, and increase gradually to the dimensions required.

There is no suggestion in this patent that this projecting gunwale be used as a fender, nor do I think that as described it would be serviceable for that purpose.

Lecture on Life Boats, Capt. J. R. Ward, R. N., London, 1862. The life boat mentioned in this publication, Fig. 2, indicates a round bottom, rounded side boat, the upper portion of which is gradually curved from the gunwale to the water, to the outside of which are attached, one on each side, rather full and nearly half-rounded pads or buoyancy floats of not specifically indicated material.

The Life Boat and its Work, Sir John Cameron Lamb, London, 1911, carries a detailed reference to Lukin, and the history of his invention. There is a drawing of what in 1911 was considered to be the first form of Lukin boat, and the projecting gunwales are described as being made of cork. The sides to which the cork is attached are the sides of an air compartment or a compartment filled with buoyant material.

The patent in suit is not a pioneer patent, but it represents a distinct advance in the art, and even if each element of the patent be old, still there was invention displayed in combining these elements to produce a boat of the efficiency of the Lundin boat, which no one else had done, and no better proof is necessary to show general acquiescence than the fact that the decked metallic type of life boat was referred to as "Lundin" in requests for bids for life boats for the United States Army transport U. S. Grant.

The commercial success of the patent in suit is clearly shown, but the Plaintiff's Exhibits Nos. 5 and 7 are not shown to refer to the boat of the patent in suit, and as plaintiff has not shown any authority for receiving them in evidence, the motion of the defendant to strike them out is granted.

The great merits of the decked life boat of the Lundin type are fully described in the Marine Review of March, 1926, offered in evidence on behalf of the plaintiff, Exhibit 6, and the motion to strike out is denied.

The patent in suit is valid and is entitled to a range of equivalents sufficiently wide to protect the invention of the patent in suit.

This brings us to a consideration of the question of infringement.

Defendant says that it does not infringe because the alleged infringing boat does not have flat sides, buoyant material attached to flat sides, a well polygonal in conformation, and the buoyant material does not round out the contour of the boat.

To relieve defendant from infringement because of the very slight change which it made in the form of the boat, which it is alleged infringes, would so narrow the patent

in suit as to confine the invention to the preferred form, without the benefit of any equivalents.

This does not accord with my view of the invention of the patent in suit.

What the patentee invented was a rigid metallic boat, always ready for use, as distinguished from the collapsible boats theretofore in use; a boat that could be nested under the davits and thus be always ready for use; and a boat capable of carrying a very large number of passengers, by reason of a well shaped to accomplish that purpose, and by the use of supplementary sides of balsa wood, so connected to the outer side of the amidship section as to round out the contours of the boat, add to its stability, and serve as fenders.

It is true that the outer sides of the amidship section of the boat are described in the claims in suit as "flat"; but, within reasonable limitations, all of the intended functions of the respective elements of the claim would be performed in exactly the same way, and to the same degree, irrespective of the shape of the elements.

A comparison of the infringing boat with the patent in suit shows it to be identical with the exception of the slightly curved sides and the bottom of the well.

The sides of the boat must inclose the well, which is described in the claims as being polygonal in conformation. This, defendant contends, means that the well must be inclosed by straight lines; but this does not seem to be true, because in Funk & Wagnalls Standard Dictionary, Edition of 1919, page 602, a polygon is defined as "a closed figure bounded by straight lines or arcs."

In this particular it is worthy of note that in the passage of the application of the patent in suit through the Patent Office, the patentee, without giving any reason, amended the description of the well in the claims from "box shaped" to "polygonal."

Under the definition given, the well in both the patent in suit and in the defendant's boat is polygonal in conformation.

As before stated, there is no change in function in any part of the defendant's boat over the corresponding element of the patent in suit, and the only change which is claimed by the defendant is that, because the sides of its boat are not flat but are slightly rounded, both laterally and longitudinally, greater strength is secured.

This does not seem to me to be true, because by curving metal added strength is given only if the force is applied substantially at right angles, and the sides of both the boat of the patent in suit and the defendant's boat are so rigidly reinforced by the seats, floor of the well, and the transverse bulkheads, that they meet all requirements in this respect without any curving; while on the other hand, if force be applied to the defendant's boat on the top of the sides, it would be weaker than the boat of the patent in suit.

The evidence shows that the alleged infringing boat made by the defendant, with the slightly curved sides of the same length, beam, and depth as a boat made by the plaintiff with the flat sides, had the same capacity in cubic feet, the same capacity in persons, the same width of lateral seats, the same distance between seats, the same length of rounded ends, the same height of bottom of well from bottom of boat at four feet six inches from the end, seven feet eight inches from the end, ten feet ten inches from the end, and at the center fourteen feet from the end, and I therefore conclude that the sides of the alleged infringing boat are flat, and its well polygonal in conformation, as those terms are used in the claims at issue in the patent in suit, or if there be any difference it is merely one of shape, and that the shape of the sides and conformation of the well of the defendant's boat are the equivalent of those of the patent in suit, in that there is identity of function and substantial identity of ways of performing that function. Walker on Patents (6th Ed.) § 415, p. 506.

Infringement cannot be escaped by mere change in form only. Union Paper Bag Machine Co. v. Murphy, 97 U. S. 120, 24 L. Ed. 935.

The contention of the defendant that the balsa wood fenders of the alleged infringing boat do not round out its contour is not sustained.

It is true that there is a difference in actual outline, but this difference has no novel or useful function or result, as in each instance the fenders are used for exactly the same purpose and positioned, connected, and waterproofed in the same manner, and do round out the contour of the respective boats.

The shape of the balsa wood used makes no difference in its buoyant qualities, as a cubic foot of balsa wood when floated on water will support its own weight plus sixty pounds, irrespective of its shape.

Defendant contends that the buoyancy members of its boat have pronounced horizontally disposed shoulders along their lower edges, and that they act in the manner of fins to prevent the boat from rocking, and that the ends of the buoyancy members of its boat are also shouldered and incline upwardly, thereby assisting the boat in riding the waves; but even if this contention be sustained, it does not relieve from infringement, but would at most be an improvement.

The similarity in the measurements of the defendant's boat with the plaintiff's boat was not received on the theory of showing unfair competition, but only to show that there was no functional difference in the sides or conformation of the well of the defendant's boat and that of the sides and conformation of the well of the patent in suit.

A decree may be entered in favor of the plaintiff, with injunction and costs, and the usual order of reference.