103 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Liang-Ching HSU; Yu-Ling Hsu; Yu-Tai Hsu; Yu-Nan Hsu;
Yong-Kil Lee; Hyun Lee; Hyuk Lee; Living Stone
Presbyterian Church, Plaintiffs-Appellants,
v.
Mary RYAN, Secretary of State for Consular Affairs; Bureau
of Consular Affairs, Dept. of State; Cornelius D. Scully,
III, Dir. Office of Legislation, Regulations & Advisory
Assistance, Bureau of Consular Affairs; Edward Odom, Chief
of the Advisory Opinions Div., Visa Office, Bureau of
Consular Affairs, Defendants-Appellees.
 No. 95-56062.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1996.*
Decided Nov. 20, 1996.
 
 1
 Before: FERNANDEZ and HAWKINS, Circuit Judges, and SCHWARZER, District Judge**.
 
 
 2
 MEMORANDUM***
 
 
 3
 Liang-Ching Hsu, Yu-Ling Hsu, Yu-Tai Hsu, and Yu-Nan Hsu, and Yong-Kil Lee, Hyun Lee, Hyuk Lee,[1] and the Living Stone Presbyterian Church appeal the district court's dismissal of their complaint challenging the actions of consular officers in Taiwan--the American Institute on Taiwan (hereinafter "AIT")--and South Korea.[2] In Hsu's case the consular officials based their decision on 8 U.S.C. § 1182(a)(6)(C) and § 1182(a)(6)(E) [§§ 212(a)(6)(C) and 212(a)(6)(E) of the Immigration and Nationality Act of 1952, as amended], which respectively require exclusion of aliens who have willfully misrepresented a material fact in seeking to procure a visa and who have helped others to come here in violation of law. Lee was denied a visa on the basis of § 1182(a)(6)(E) only. The district court decided that it did not have jurisdiction to review the consular officials' denials of visas to Hsu and Lee, and therefore dismissed their complaint. We affirm.
 
 
 4
 Courts have long held that they lack the authority to review a consular official's decision to deny a visa. See, e.g., United States ex rel. Ulrich v. Kellogg, 30 F.2d 984, 986 (D.C.Cir.), cert. denied, 279 U.S. 868, 49 S.Ct. 482, 73 L.Ed.2d 1005 (1929); United States ex rel. London v. Phelps, 22 F.2d 288, 290 (2d Cir.), cert. denied, 276 U.S. 630, 48 S.Ct. 324, 72 L.Ed. 741 (1927); Garcia v. Baker, 765 F.Supp. 426, 428 (N.D.Ill.1990). We have repeatedly reaffirmed that doctrine. See Li Hing of Hong Kong, Inc. v. Levin, 800 F.2d 970, 970-71 (9th Cir.1986); Ventura-Escamilla v. INS, 647 F.2d 28, 30-31 (9th Cir.1981).
 
 
 5
 Consular nonreviewability bars our jurisdiction. As to Hsu, AIT made a factual determination that he misrepresented his intent at the time of a prior entry into the United States, and it decided that his visa should therefore be denied on the basis of § 1182(a)(6)(C). Under the well-established doctrine of nonreviewability of consular decisions, the district court properly refused to review that determination. So, too, with Lee.
 
 
 6
 Lee's visa was denied under § 1182(a)(6)(E). He complains, because, he says, the consul may have relied upon State Department interpretations in the Foreign Affairs Manual and a State Department advisory telegram. But we have never recognized an exception to consular immunity for the purpose of allowing challenges to these kinds of interpretations by the State Department. Indeed, were we to do so, the exception could easily swallow the general rule. Once it is stripped of that element, Lee's claim boils down to an attack on the consul's determination that by his actions Lee did encourage, assist, abet, or aid another alien to enter the United States in violation of the law. Again, that claim is beyond our jurisdiction.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because this appeal concerns the denial of visas to Liang-Ching Hsu and Yong-Kil Lee as principal aliens, subsequent references to "Hsu" or "Lee" will refer to them
 
 
 [2]
 In their original complaint in district court, the plaintiffs also challenged the revocation and cancellation of B-2 visitor visas for the Hsu children (Yu-Ling, Yu-Tai, and Yu-Nan); however, they do not appeal those visa revocations on any ground independent from the challenge to the denial of Hsu's visa