## UNITED STATES ex rel. BERLANDI v. REIMER et al.

District Court, S. D. New York.

Dec. 28, 1939.

Jacob W. Rozinsky, of New York City, for relator.

John T. Cahill, of New York City (K. Bertram Friedman, of New York City, of counsel), for respondent.

CONGER, District Judge.

The relator herein, Alberto Berlandi, has been ordered deported to Italy, pursuant to the Immigration Act of 1917, Title 8, Section 155, U.S.C., 8 U.S.C.A. § 155, which provides generally that an alien, who at any time after his entry into this country is sentenced more than once to imprisonment for a term of one year or more because of conviction in this country of any of the crimes involving moral turpitude, shall be taken into custody and deported.

The relator is now at Ellis Island, in custody, awaiting deportation. He has taken out this writ of habeas corpus to review the action of the immigration authorities, claiming that his detention and deportation are illegal.

The relator is an alien. He has been convicted in this country twice as follows:

On February 14, 1938, he was convicted on his plea of guilty of "Violation of Title 26, Section 1441 of the U.S.Code, 26 U.S.C.A. § 1441, in that he did deposit and conceal distilled spirits, thereby intending to defraud the United States of Tax on said spirits so deposited and concealed."

On May 26, 1938, he was convicted on his plea of guilty for conspiracy as defined by Title 18, Section 88, of the U.S. Code, 18 U.S.C.A. § 88, in that he did conspire to violate the laws of the United States, to wit: the Internal Revenue Laws.

On each charge he was sentenced to imprisonment for a year and a day.

The sole question for the Court to decide is whether these convictions and consequent imprisonments involve moral turpitude.

Just what is moral turpitude? It is an indefinite term, and the trouble is, and has been, the application of it to the facts of each case. The following seems to be a fair and comprehensive definition of the

768

term: "It is a vague term, its meaning depending to some extent upon the state of public morals. It is defined as anything that is done contrary to justice, honesty, principle, or good morals; an act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow man, or to society in general, contrary to the accepted and customary rule of right and duty between man and man * * * Moral turpitude implies something immoral in itself, regardless of the fact whether it is punishable by law. It must not merely be mala prohibita, but the act itself must be inherently immoral. The doing of the act itself, and not its prohibition by statute, fixes the moral turpitude. Everything done contrary to justice, honesty, modesty, or good morals is done with turpitude." 41 Corpus Juris 212.

■ The main controversy is with reference to the first conviction (February 14, 1938). The second conviction (May 28, 1938) had to do with a conspiracy to violate the laws of the United States. When two or more get together and agree that they deliberately will, and do enter into a scheme, which has for its purpose the violation of the laws of the land, no one can gainsay but that this involves moral turpitude.

■ Both crimes to which the defendant pleaded guilty are felonies; both involve fraud; both involve an intent to defraud the government. One of the component parts of Section 1441, Title 26, U.S.Code, 26 U.S.C.A. § 1441, which was the basis of the first conviction, is the doing of an act "with intent to defraud the United States."

There are cases which hold that crimes which involve fraud are looked upon as those involving moral turpitude. Most of these are based on such things as concealing assets in bankruptcy, issuing checks with intent to defraud, executing a mortgage with intent to defraud, etc. These constitute fraud upon persons. The main and essential element of crimes to which the relator pleaded guilty is fraud upon and against the government.

My attention has been called to the fact that during the prohibition days, and under the Prohibition Act, 27 U.S.C.A. § 1 et seq., it has been held that violation of the Prohibition Act did not constitute moral turpitude; and that during the days of prohibition the sections of law here in question, while on the books, were not used to any great extent, but instead, the Prohibition Act was used to prosecute offenders committing the same act which relator pleaded guilty to on February 14, 1938. Therefore, the relator claims this conviction of February 14, 1938 does not involve moral turpitude. However, I can see a great difference between these two. As stated before, the main and essential element of these crimes is an act on the part of the relator to cheat and defraud the government.

We should realize that an alien is in this country at the sufferance of the government. It allows him to come here and enjoy the privileges of the country; to live here under the protection of the government. His right to live here is not a natural or inalienable right, but is a privilege enjoyed by the sufferance of the United States. The government has, and may, place restrictions and conditions on his right to stay here. One of the restrictions and conditions is this law that an alien, who has been convicted of two crimes involving moral turpitude, may be deported.

"In other words, it has provided that the alien who is here by sufferance, and who is, so to speak, a guest, betrays the confidence which was evidenced by his permission to enter, when he commits an offensive crime. This betrayal of confidence terminates his right to remain here. His privilege of staying may thereafter be revoked." United States ex rel. Volpe v. Smith, 7 Cir., 62 F.2d 808, 810.

In the instant case, the relator has lived here many years under the protection of our laws. Instead of living as a decent citizen, he has seen fit to commit acts which were in direct fraud against this government and in violation of the laws of the land, by committing acts which, under the circumstances, seem to me, to involve moral turpitude as hereinbefore defined, and which has been referred to as: "Moral turpitude implies something immoral in itself, regardless of the fact whether it is punishable by law. The doing of the act itself, and not its prohibition by statute, fixes the moral turpitude." Bartos v. United States District Court, 8 Cir., 19 F.2d 722, 725.

■ It seems to me that the decisions under the violations of the Prohibition Act are distinguishable from the convictions

herein. In cases involving the violation of the Prohibition Act, the Courts have stated in some instances that the acts which resulted in conviction were only crimes because the law made them so. It seems to me beyond any question of doubt that one who performs an act with intent to defraud the government, is guilty of an act of moral turpitude, regardless whether there is a law prohibitory thereof. The mere doing of the act, with such an intent, is malum per se. It is an act contrary to justice, honesty, principle and good morals.

The writ of habeas corpus is dismissed, and the relator remanded to the immigration authorities. Settle order on notice.