MATTER OF O——

## In SECTION 212(d)(3) Proceedings

### A-3904268

*Decided by Assistant Commissioner March 19, 1959*
*Approved by Board April 2, 1959*

**Excludability—Specific statutory ground not required for exclusion of alien who would immediately become deportable upon entry—Nonimmigrant—Section 212(d)(3) may be exercised to waive inadmissibility not based on section 212(a).**

An alien who would upon entry immediately become deportable under section 241(a)(5) of the 1952 act because of prior conviction under the Foreign Agents Registration Act is deemed excludable in law despite absence of specific excluding authority in section 212(a) of the act. (Cf. *Matter of R——G——*, Int. Dec. No. 950.) However, his admission as a nonimmigrant may be authorized pursuant to section 212(d)(3) of the act.

APPLICATION: Admission as a nonimmigrant for 2 months under section 212(d)(3) of the Immigration and Nationality Act notwithstanding excludability by reason of conviction of violation of 18 U.S.C. 88, conspiracy, and 22 U.S.C. 233, Foreign Agents Registration Act.

### BEFORE THE ASSISTANT COMMISSIONER
(March 19, 1959)

**Discussion:** The alien is a 61-year-old native, citizen and resident of Japan, born in Kitasaitama-ken, Saitama-gun, August 4, 1897. He first entered the United States at Seattle, Washington, August 4, 1922, and last entered at El Paso, Texas, October 18, 1931, after a 2-month absence in Mexico.

On June 5, 1942, the alien was convicted in the United States District Court for the District of Columbia of the violations set out above and sentenced to from 2 to 6 months' imprisonment. He was repatriated to Japan September 2, 1943.

Since 1951 the subject has been a key employee of Northwest Orient Airlines in the position of Assistant to the Vice-President for the Orient. His employers wish to bring him to the headquarters office in St. Paul, Minnesota, for a period of 2 months to acquire knowledge of the company's domestic operations.

The Department of State has inquired (1) whether the alien is considered to be inadmissible by reason of his conviction, (2) if

so, whether the ground of inadmissibility can be waived pursuant to the authority contained in section 212(d)(3) of the act.

Has the subject been convicted of an offense, or offenses, involving moral turpitude so as to make him excludable under section 212(a)(9) or (10) of the act? As a matter of law, a conspiracy to commit an offense involves moral turpitude only when the substantive offense charged therein involves moral turpitude (*United States ex rel. Berlandi* v. *Reimer*, 30 F. Supp. 767; *Mercer* v. *Lence*, 96 F.2d 122, cert. den. 305 U.S. 611). The substantive offense here charged, violation of the Foreign Agents Registration Act of 1938, as amended, does not involve moral turpitude (*Matter of M——*, 3 I. & N. Dec. 310). Hence, it is found that the alien is not subject to exclusion under section 212(a)(9) or (10) of the act; nor is there any other express provision in section 212(a) requiring his exclusion.

Notwithstanding the lack of a specific statutory ground of exclusion, is the alien nevertheless excludable because of his conviction? Section 241(a)(5) of the act provides that "Any alien in the United States * * * shall, upon the order of the Attorney General, be deported who— * * * has been convicted of violating or conspiracy to violate any provision of the Act entitled 'An Act to require the registration of certain persons employed by agencies to disseminate propaganda in the United States, and for other purposes', approved June 8, 1938, as amended * * *." That section does not couple deportability with any particular entry into the United States. It merely makes deportable such an alien in the United States. Thus, if the subject were to gain entry he would immediately become deportable. It has been the long-standing administrative practice to hold such an alien excludable. This conclusion has been reached in cases involving persons previously excluded or deported on charges involving prostitution (*Matter of N——*, 55917/905, unreported); persons convicted of violating the narcotics laws (*Matter of V——*, 1 I. & N. Dec. 293); persons who have failed to comply with section 265 of the Immigration and Nationality Act (*Matter of S——*, 7 I. & N. Dec. 536); and persons convicted under 18 U.S.C. 1546 (*Matter of R——G——*, Int. Dec. No. 950).

Having found the subject excludable, may his admission be authorized under the authority of section 212(d)(3) of the act which provides for the admission of a nonimmigrant who is inadmissible under one or more of the paragraphs enumerated in subsection (a), other than paragraphs (27) and (29)? Since excludability rests on long-standing administrative practice rather than on a ground specifically mentioned in section 212(a), a narrow reading of section 212(d)(3) would seem to preclude the exercise of that dis-

cretionary authority. However, the sole statutory prohibition is the exercise of section 212(d)(3) in behalf of aliens excludable under section 212(a)(27) and (29). All other classes of excludable aliens may be admitted temporarily under section 212(d)(3). Since the subject is actually excludable, and the excludability does not rest upon either section 212(a)(27) or (29), it is concluded that section 212(d)(3) is the proper statutory basis for the exercise of the Attorney General's discretion to authorize temporary admission of this applicant. His application will be granted.

**Order:** It is ordered that the subject's admission to the United States as a nonimmigrant for a period of 2 months be authorized pursuant to section 212(d)(3) of the Immigration and Nationality Act, subject to revocation at any time, provided he is found to be otherwise admissible than by reason of his conviction of violation of 18 U.S.C. 88, conspiracy, and of 22 U.S.C. 233, Foreign Agents Registration Act, and provided he applies for admission within a period of 3 months from notification of decision.

Pursuant to 8 CFR 3.1(c), this case is certified to the Board of Immigration Appeals for review.

## BEFORE THE BOARD
### (April 2, 1959)

**Discussion:** The Assistant Commissioner, Inspections Division, on March 19, 1959, ordered that the alien's admission to the United States as a nonimmigrant for a period of 2 months be authorized under the authority provided in section 212(d)(3) of the Immigration and Nationality Act, subject to revocation at any time, provided he is found to be otherwise admissible than by reason of his conviction of violation of 18 U.S.C. 88, conspiracy, and of 22 U.S.C. 233, Foreign Agents Registration Act, and provided that he applies for admission within a period of 3 months from notification of the decision. The case has been certified to the Board for final decision in accordance with 8 CFR 3.1(c).

The alien is a 61-year-old native, citizen and resident of Japan. The facts detailing his first and last admissions to the United States at Seattle, Washington, and El Paso, Texas, on August 4, 1922, and October 18, 1931, respectively, as well as his having been convicted in the United States District Court for the District of Columbia on June 5, 1942, for violations of section 88, Title 18, U.S.C., conspiracy, and section 233, Title 22, U.S.C., Foreign Agents Registration Act, and his being repatriated to Japan in September 1943, have been adequately covered by the Assistant Commissioner, Inspections Division, in his decision of March 19, 1959.

The appellant, an employee of the Northwest Orient Airlines, is the Assistant to the Vice-President for the Orient. His employers

desire to bring him to the United States for a period of 2 months for training in connection with the domestic operations of the aforementioned company. While in the United States the appellant's headquarters will be in St. Paul, Minnesota. On the basis of the evidence before us it is clear that if the appellant were admitted to the United States he would become deportable therefrom under the provisions of section 241(a)(5) of the Immigration and National Act by reason of his having been convicted on June 5, 1942, of violation of Title 18, U.S.C., section 88. This Board has held that a specific statutory ground is not required for the exclusion of an alien who would immediately become deportable upon entry. The Assistant Commissioner, Inspections Division, after a detailed recital of the pertinent evidence in his decision of March 19, 1959, authorized the alien's admission to the United States as a nonimmigrant under section 212(d)(3) of the Immigration and Nationality Act and the reasons therefor are stated tersely and with clarity therein. The decision reached by the Assistant Commissioner in his decision of March 19, 1959, is concurred in by this Board. Accordingly, the following order will be entered.

**Order:** It is ordered that the order entered by the Assistant Commissioner, Inspections, on March 19, 1959, be and the same is hereby approved.