QUESTIONS: 1. Are convictions for driving while intoxicated, drunkenness, disorderly conduct, assault, and attempted petty larceny crimes involving moral turpitude? 2. If convictions of the acts in question 1 are considered crimes of moral turpitude, is the Pinellas County Licensing Board absolutely required to deny a license to the individual applicant? 3. Does s. 5, Ch. 61-2681, Laws of Florida, as amended by Ch. 70-893, Laws of Florida, provide the board with authority to decrease the standard of moral turpitude pertaining to the act?
SUMMARY: Driving while intoxicated, drunkenness, disorderly conduct, and assault are not crimes involving moral turpitude within the confines of s. 6(1), Ch. 61-2681, Laws of Florida. However, a review of the facts and circumstances surrounding conviction of attempted petit larceny must be made in order to determine whether based on community standards and morals it meets the requisite baseness and depravity for moral turpitude. The Licensing Board of Pinellas County is not compelled to deny a license to a person convicted of a crime involving moral turpitude but must make an independent determination based upon the merits of the application. The determination of moral turpitude seems to be a judgmental decision based on the values and mores of the community rather than a standard that can be increased or decreased by a regulatory board. Therefore, the Licensing Board of Pinellas County may apply the community standards in its determination of moral turpitude regarding the issuance of a permit with the ultimate consideration being whether the applicant will have a deleterious effect on young children. The pertinent sections of the Laws of Florida giving rise to your questions are: Section 6(1), Ch. 61-2681, Laws of Florida, as amended by Ch. 70893, Laws of Florida, reads in part: Personnel in both children's centers and family day care homes shall be of good character, free of mental illness, drug or excessive alcohol habits, in good health, and shall not exercise any influence detrimental to the progress or development of children. . . . Section 13 of the above statute provides: — License, Grounds for Denial — An application for licensure may be denied for any of the following reasons: (1) Failure to meet any of the minimum standards. (2) Convictions of an applicant of a crime of moral turpitude as shown by a certified copy of the record of the court conviction or by a copy of the applicant's fingerprint record from the FBI showing conviction of said crime. . . . Section 11 of the above statutes states: Upon receipt of an application for a license hereunder . . . the license board . . . shall issue a license or temporary permit if satisfied that the minimum standards specified in this act are met and that the applicant is otherwise qualified; if not, it shall reject the application. . . . Section 5 of the above statute provides: The license board shall have the power and duty to promulgate and adopt rules and regulations for purposes of administering and enforcing minimum standards prescribed in this act. In the event the license board determines it reasonable to decrease the requirements of any particular standard it may do so by the action of the board only. . . . AS TO QUESTION 1: The Florida Supreme Court defined moral turpitude in State ex rel. Tullidge v. Hollingsworth, 146 So. 660, 661 (Fla. 1933): Moral turpitude involves the idea of inherent baseness or depravity in the private social relations or duties owed by man to man or by man to society. . . . It has also been defined as anything done contrary to justice, honesty, principle, or good morals, though it often involves the question of intent as when unintentionally committed through error of judgment when wrong was not contemplated. . . . Although the definition in that case was dicta, the first sentence of the two quoted sentences states what appears to be the generally accepted definition of the term. Everett v. Mann, 113 So.2d 758 (1 D.C.A. Fla., 1959). Unless the offense is one which its very commission implies a base and depraved nature, the question of moral turpitude depends not only on the nature of the offense, but also on the attendant circumstances; the standard is public sentiment, which changes as the moral opinions of the public change. [See] 21 Am. Jur.2d Criminal Law s. 24. As indicated in your memorandum of law, driving while intoxicated, drunkenness, disorderly conduct, and assault are not ordinarily considered crimes of moral turpitude, Groves v. State, 164 S.E. 822, 825 (Ga. 1932); Ruedas v. State,158 S.W.2d 500, 503 (Tex.App., 1942); U.S. v. Reimer, 32 F. Supp. 797,798 (D.C. N.Y. 1940). Although the applicant was convicted of the previously cited offenses — all misdemeanors in our state law — it is generally held that an act to involve moral turpitude must not merely be mala prohibita, but the act itself must be inherently immoral, U.S. ex rel. Berlandi v. Reimer, 30 F. Supp. 767,768 (D.C. N.Y. 1939). The doing of the act itself, and not its prohibition by statute, fixes the moral turpitude. Pippin v. State, 73 So. 340 (Ala. 1916). However, the offense of attempted petit larceny does not fall into the same category as those above. It is generally accepted that larceny, whether grand or petit, is a crime which involves moral turpitude. Tillinghast v. Edmead,31 F.2d 81, 82 (C.C.A. Mass. 1929); Bartos v. U.S. District Court for District of Nebraska, 19 F.2d 722, 724 (C.C.A. Nebraska 1927); Chartrand v. Karnuth, 31 F. Supp. 799, 800 (D.C. N.Y. 1940). As stated in your memorandum, there is no distinction in respect to moral turpitude between the commission of a crime of larceny and
an attempt to commit it. As the court stated in United States v. Day, 54 F.2d 336, 337 (7th Cir. 1931): An attempt involves specific intent to do the substantive crime [citation omitted], and if doing the latter disclose moral turpitude, so also does the attempt, for it is in the intent that moral turpitude inheres. It must be remembered, however, that moral turpitude is not involved in every criminal act and is not shown by every known and intentional violation of a statute. Whether any particular conviction involves moral turpitude may be a question of fact and frequently depends on all the surrounding circumstances. [See] 58 C.J.S. Moral Turpitude, p. 1200. In considering the terminology "a crime involving moral turpitude," the court in United States v. Carrollo, 30 F. Supp. 3, 6 (D.C. 1939), said: There is another thing that is obvious from a mere reading of the statute. The "moral turpitude" that may be involved in a crime does not exist merely because there has been a crime, a violation of law. In a sense, it is immoral to violate any law, even a traffic ordinance, but here the words "involving moral turpitude" clearly suggest something much more serious, for otherwise they are pure surplusage. The "moral turpitude" must exist entirely apart from the fact that some statute has been violated. If a crime is one involving moral turpitude it is because the act denounced by the statute grievously offends the moral code of mankind and would do so even in the absence of a prohibitive statute. The moral code of mankind was not enacted and it cannot be amended by legislatures. . . . Therefore, after reviewing the statutes and pertinent case law, it appears the intent of the Legislature in putting in the provision "crime constituting moral turpitude" envisioned offenses other than those mala prohibita. This can be gleaned from the requirement that conviction must be evidenced by a certified copy of the record or FBI certification of conviction based on the applicant's fingerprints. Such a requirement seems to indicate a strong emphasis for knowledge of offenses mala in se rather than mala prohibita. Thus, I find the offenses cited, except attempted petit larceny, are not "crimes involving moral turpitude" within the confines of s. 6(1), Ch. 61- 2681, Laws of Florida. Regarding the offense of attempted petit larceny, I am of the opinion that the Licensing Board of Pinellas County after reviewing the facts and circumstances surrounding this conviction as indicated in the records of the court can best determine whether based on community standards and morals the offense of attempted petit larceny meets the requisite baseness and depravity for moral turpitude. AS TO QUESTION 2: Section 13, Ch. 61-2681, Laws of Florida, as amended by Ch. 70- 893, states the board may deny an application for licensure upon conviction of a crime of moral turpitude. In order to determine whether a mandatory or permissive connotation should be implied, it is necessary to review the legislative intent of the enactment and similar statutes regarding licensure. It is the expressed intent of the Legislature in enacting Ch. 61- 2681, supra, to "protect the health, safety and mental development of children cared for in children's centers and family day care homes in Pinellas County" s. 1, Ch. 61-2681. Ordinarily, where a statute uses "may" in relation to actions of a public official or official body for the public benefit, it is construed as being mandatory. Seaboard Airline Ry. v. Wells, 130 So. 587, 593 (Fla. 1930). However, in determining legislative intent, statutes in pari materia must be examined. State ex rel. Harris v. Bowden,150 So. 259 (Fla. 1933); State ex rel. McClure v. Sullivan, 43 So.2d 438
(Fla. 1950); AGO 058- 283. It is a rule of statutory construction that all statutes relating to the same subject matter should be construed with reference to each other so that effect may be given to all provisions of each, if this can be done by any fair and reasonable construction, State v. Hayles, 240 So.2d 1 (Fla. 1970); Tower Credit Corp. v. State by Dickinson, 187 So.2d 923 (4 D.C.A. Fla., 1966); AGO 058-283. Section 112.011, F.S., establishes the criteria for denial of licensure by the state or a political subdivision of the state. It states: 112.011 Felons; removal of disqualifications for employment, exceptions. — * * * * * (1)(b) A person whose civil rights have been restored shall not be disqualified to practice, pursue, or engage in any occupation, trade, vocation, profession, or business for which a license, permit, or certificate is required to be issued by the state, any of its agencies or political subdivisions, or any municipality solely because of a prior conviction of crime. However, a person who has had his civil rights restored may be denied a license, permit, or certification to pursue, practice, or engage in an occupation, trade, vocation, profession, or business by reason of the prior conviction for a crime if the crime was a felony or first degree misdemeanor and directly relates to the specific occupation, trade, vocation, profession, or business for which the license, permit, or certificate is sought. (Emphasis supplied.) From my review of the offenses committed by the applicant, none could be considered a felony or first degree misdemeanor under the Florida Statutes. Thus, it must be assumed the applicant never lost her civil rights and would be eligible to obtain a license, permit, or certificate like any other citizen under the above statute unless the board can show that the offenses directly relate to the operation of a children's center or family day care center. This determination must be made by the board after reviewing the facts and circumstances of the case, Davis v. Smith, 277 So.2d 342 (4 D.C.A. Fla., 1969). The legislative expression in s. 112.011, F.S., was to clearly provide that an applicant should not be denied licensure because of a prior conviction, thereby aiding ex-felons to become rehabilitated by removing barriers to employment and licensure. Therefore, reading s. 13, Ch. 61-2681, supra, in pari materia with s. 112.011, F.S., it appears that the board must have discretion in making determinations regarding convictions involving moral turpitude. Consequently, "may" in s. 13, Ch. 61-2681, should be given a permissive rather than mandatory connotation. Thus, it appears that the Licensing Board of Pinellas County is not compelled to deny a license once a person has been convicted of a crime involving moral turpitude but must make an independent determination based upon the merits of the application. Attorney General Opinion 073-355. AS TO QUESTION 3: The determination of moral turpitude seems to be a judgmental decision based on the values and mores of the community rather than a standard that can be increased or decreased by a regulatory board. Hence, in one community a crime might be held to involve moral turpitude when gauged by the public morals of that community, but in another community the same offense would not be so considered. DuVall v. Board of Medical Examiners of Arizona,66 P.2d 1026, 1030 (Ariz. 1937). Since the standards of morals differ from time to time at different places and the concept of moral turpitude depends to some extent on the state of public morals and the common sense of the community, and since "moral turpitude" is a term which conforms to, and is consonant with, the state of public morals, it cannot remain stationary but may vary according to the community or times. [See] 58 C.J.S. Moral Turpitude, p. 1200. Therefore, I am of the opinion that the Licensing Board of Pinellas County may apply the community standards in its determination of moral turpitude with the ultimate consideration being whether the applicant will have a deleterious effect on young children. As to the other standards found in ss. 6-9, Ch. 61-2681, Laws of Florida, the board may decrease these minimum standards.