**UNITED STATES ex rel. ULRICH v. KELLOGG, Secretary of State, et al.**

Court of Appeals of District of Columbia. Submitted January 8, 1929. Decided February 4, 1929.

No. 4861.

Joseph Koletsky, of New Haven, Conn., for appellant.

Leo A. Rover and B. W. Butler, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from a decree of the lower court overruling the application of the relator for a writ of mandamus to compel the appellees to permit relator's wife, now residing in Germany, to enter the United States, in order to take up a residence in this country.

It appears that the relator is a native-born American citizen; that on December 17, 1927, in Berlin, Germany, he was lawfully married to Anna Minna Venzke, who was a subject and citizen of Germany; that relator's wife afterwards applied to the American consul at Berlin for a nonquota immigration visa; that the American consul refused the application, on the ground that relator's wife was an alien, and had been convicted in four instances of offenses involving moral turpitude, to wit, larceny in three cases, and abetting a forgery in another case. The relator prayed that a writ of mandamus should issue to require the American consul at Berlin to issue a visa to relator's wife, and to require the Secretary of State to instruct and direct the American consul to that effect, also to require the Secretary of Labor to instruct the immigration inspectors in Berlin to approve and advise the issuance of a visa to relator's wife, and to advise that she is not an alien, and that the offenses aforesaid are not of a character to involve moral turpitude. The record shows an attempted service of summons upon the American consul at Berlin by copy of petition and summons left with the Secretary of State, also by copy left with the Secretary of the Treasury, and by copy sent by registered mail addressed to the American consul at Berlin. We need not pass upon the sufficiency of this service, for in our opinion the decree of the lower court upon the issue is right.

It is apparent that the wife of the relator is "an alien" according to the sense of the term as used in the immigration laws. Section 1 of the Immigration Act of 1917 (39 Stat. 874 [8 USCA § 173]) defines an alien as follows:

"* * * * The word 'alien' wherever used in this act shall include any person not a native-born or naturalized citizen of the United States. * * * *"

On September 22, 1922, Congress passed the so-called Cable Act (42 Stat. 1021), section 2 of which reads as follows:

"That any woman who marries a citizen of the United States after the passage of this act, or any woman whose husband is naturalized after the passage of this act, shall not become a citizen of the United States by reason of such marriage or naturalization; but, if eligible to citizenship, she may be naturalized upon full and complete compliance with all requirements of the naturalization laws. * * * *" 8 USCA § 368.

Section 28(b) of the Immigration Act of 1924 (43 Stat. 153) defines the term as follows:

"The term 'alien' includes any individual not a native-born or naturalized citizen of the United States. * * * *" 8 USCA § 224(b).

The conclusion cannot be avoided that when relator was married on December 17, 1927, his wife remained an "alien" notwithstanding her marriage with him.

In United States ex rel. Markin v. Curran, 9 F.(2d) 900, the Circuit Court of Appeals of the Second Circuit said:

"Under this act, the naturalization of the husband did not naturalize the wife, since she was outside of the United States when he was naturalized, which was 6 months before her application for admission. It is evident, from the foregoing section, that a woman whose husband is naturalized after the passage of the act does not become a citizen of the United States by reason of such marriage or naturalization, but to become a citizen she must be naturalized after complete compliance with the requirements of the naturalization laws."

The Supreme Court of the United States denied certiorari in the foregoing case. 270 U. S. 647, 46 S. Ct. 348, 70 L. Ed. 779.

In United States ex rel. Paolantonio v. Day (C. C. A.) 22 F.(2d) 914, the court said:

"It is contended that such construction of the statutes is to enlarge the scope of section 19 of the act of 1917 [8 USCA § 155] by adding to it a new class of aliens—alien wives of American citizens—created by the Cable Act. This involves a misconception of the Cable Act. It does not create aliens. It deals with those already aliens, and provides the terms upon which they

986

may become citizens. Until they comply with those terms they remain aliens. * * * "

In the Immigration Act of February 5, 1917 (39 Stat. 874), section 3 (8 USCA § 136) provides for the exclusion as immigrants of "persons who have been convicted of or admit having committed a felony or other crime or misdemeanor involving moral turpitude. * * * "

In Bartos v. United States District Court for District of Nebraska et al., 19 F. (2d) 722, the Circuit Court of Appeals of the Eighth Circuit said:

" * * * Theft, whether it be grand or petit larceny involves moral turpitude. * * * Ex parte Wilson, 114 U. S. 417, 5 S. Ct. 935, 29 L. Ed. 89; In re Kirby (D. C.) 84 F. 606; Glover v. United States (C. C. A.) 147 F. 426, 429, 430, 8 Ann. Cas. 1184; Neal v. United States [C. C. A.] 1 F.(2d) 637; Haussener v. United States [C. C. A.] 4 F. (2d) 884, 887; Williams v. United States [C. C. A.] 3 F.(2d) 129 [41 A. L. R. 328]."

Under the provisions of section 2 (a) of the Immigration Act of 1924, supra (8 USCA § 202(a), the authority to issue a visa is committed to "consular" officers. And by section 2(f) of the same act it is provided as follows:

"No immigration visa shall be issued to an immigrant if it appears to the consular officer, from statements in the application, or in the papers submitted therewith, that the immigrant is inadmissible to the United States under the immigration laws, nor shall such immigration visa be issued if the application fails to comply with the provisions of this act, nor shall such immigration visa be issued if the consular officer knows or has reason to believe that the immigrant is inadmissible to the United States under the immigration laws." 8 USCA § 202(f).

We are not able to find any provision of the immigration laws which provides for an official review of the action of the consular officers in such case by a cabinet officer or other authority.

The relator contends that the provisions of the Immigration Acts of 1917 and 1924, in so far as they relate to and affect this case are unconstitutional; that they deprive relator and his wife of liberty and property without due process of law, and inflict cruel and unusual punishment upon them in violation of the Eighth Amendment. We cannot agree with these contentions, and are constrained to hold that the action of the lower court in refusing a writ of mandamus was right.

The decree appealed from is accordingly affirmed, at appellant's costs.