**UNITED STATES ex rel. CHARTRAND v. KARNUTH, District Director, Immigration and Naturalization Service.**

No. 347.

District Court, W. D. New York.

Feb. 1, 1940.

William H. Jones and Donald Bain, both of Buffalo, N. Y., for petitioner.

George L. Grobe, U. S. Atty., of Buffalo, N. Y. (Joseph J. Doran, Asst. U. S. Atty., of Rochester, N. Y., of counsel), for respondent.

KNIGHT, District Judge.

This proceeding comes here on an application for a writ of habeas corpus. The relator is held on a warrant of deportation based on the charge that prior to his entry into this country he was convicted of a crime involving moral turpitude. Two questions are presented: one—whether the evidence produced upon the hearing before the immigration authorities was sufficient to show the conviction of any crime; the other—whether the crime alleged to have been committed is one involving moral turpitude. A certificate of a police court clerk of the court purports to certify a record of the Police Court, of the City of Sault Ste. Marie, Ontario, Canada, showing that on September 25, 1918, one Joseph Chartrand was convicted of the crime of the theft of shoes valued at $12, pleaded guilty thereto and was sentenced to one week in jail. There was no authentication of the certificate. Standing alone, such certificate would be insufficient. In the instant case, however, the relator upon examination before the immigration inspector testified to matters sufficient to identify him as the one described in the certificate and to establish the fact of conviction therein stated. This is sufficient. The law does not require proof by the common-law rules of evidence. United States ex rel. Wong v. Corsi, 2 Cir., 65 F.2d 564; The Washington, D.C., 19 F.Supp. 719.

It appears that the theft charged involves taking of property of small value. It seems a hardship to require deportation under the circumstances shown here. There is an additional feature that the crime charged was committed several years before the entry of the relator into this country. However, this court can not look behind the record of conviction to determine whether the acts themselves were immoral. United States ex rel. Robinson v. Day, 2 Cir., 51 F.2d 1022. It has been held many times by the courts that the

crime of theft is one which involves moral turpitude, and that is the test here. As was said in Bartos v. United States District Court, 8 Cir., 19 F.2d 722, 724: "The fact that a statute may classify his acts as grand and petit larceny, and not punish the latter with imprisonment and declare it to be only a misdemeanor, does not destroy the fact that theft, whether it be grand or petit larceny involves moral turpitude. It is malum in se, and so the consensus of opinion—statute or no statute—deduces from the commission of crimes malum in se the conclusion that the perpetrator is depraved in mind and is without moral character, because, forsooth, his very act involves moral turpitude." Numerous cases are there cited. These may be added: United States ex rel. Fracassi v. Karnuth, D.C., 19 F.Supp. 581, decided by this court; United States ex rel. Parenti v. Martineau, D.C., 50 F.2d 902; United States ex rel. Ulrich v. Kellogg, Sec. of State, 58 App.D.C. 360, 30 F.2d 984, 71 A.L.R. 1210.

Counsel for relator directs attention to United States ex rel. Rizzio v. Kenney, D. C., 50 F.2d 418, 419, in which the District Judge said: "There can be no question but that, except in unusual circumstances, theft is a crime involving moral turpitude * * *." The question decided in that case has no relevancy here nor is there anything in the opinion to show what is meant by "unusual circumstances." Further, the District Judge writing in that case said in United States ex rel. Parenti v. Martineau, supra [50 F.2d 903], "I consider larceny as an offense involving moral turpitude."

The writ must be dismissed.