**UNITED STATES ex rel. TEPER v. MILLER.**

**Civ. 53–187.**

United States District Court
S. D. New York.

Dec. 1, 1949.

Rosenblatt & Spielberg, New York City, for petitioner.

Irving H. Saypol, United States Attorney, New York City (William J. Sexton, Assistant United States Attorney, Lester Friedman, Attorney, Immigration and Naturalization Service, Department of Justice, New York City, of counsel), for respondent Miller.

IRVING R. KAUFMAN, District Judge.

The relator herein seeks an order sustaining a writ of habeas corpus.

The relator, Hirsch Teper, a native and citizen of Great Britain, arrived at the Port of New York on February 16, 1949 and applied for admission to the United States for permanent residence. A Board of Special Inquiry of the Immigration and Naturalization Service, after hearings, excluded Teper from admission to the United States. This decision was affirmed by the Assistant Commissioner of the Service on May 10, 1949, on the ground that Teper is inadmissible to this country in that the immigration visa which he presented was not valid because procured by misrepresentation, and also on the ground that he had been convicted of a crime involving moral turpitude, namely, stealing a fur.

In applying to the American Consul for his visa, Teper did not disclose that he had been arrested and subsequently convicted on February 2, 1929, in Old Street Police Court, London, England, of the crime of "stealing a fur", for which he was fined £5 and ordered to pay £5-10-0 cost, or one month imprisonment, nor did Teper disclose that he had been arrested on another charge about the year 1932 in London in connection with the theft of furs, on which he was acquitted and released.

Teper contests the legality of the exclusion order on the grounds that:

(a) The Board of Special Inquiry did not have before it the charge or indictment upon which Teper was convicted.

(b) That the evidence was insufficient to predicate a finding of fraud in the procurement of the visa.

(c) That the facts relating to the charge indicate an absence of moral turpitude.

As to the misrepresentations made to the Consul, the law is that the facts misstated must be material to justify a refusal to issue a visa; and that a fact suppressed or misstated is not material to the alien's entry, unless it is one which, if known, would have justified a refusal to issue a visa. U. S. ex rel. Fink v. Reimer, 2 Cir., 1938, 96 F.2d 217; U. S. ex rel. Leibowitz v. Schlotfeldt, 7 Cir., 1938, 94 F.2d 263; cf. Daskaloff v. Zurbrick, 6 Cir., 1939, 103 F.2d 579; U. S. ex rel. Lamp v. Corsi, 2 Cir., 1932, 61 F.2d 964. The Consul in the instant case would have been justified in refusing to issue the visa only if the suppressed facts were sufficient to cause Teper to be excluded under Section 136(e) of Title 8 U.S.C.A. as a person who had been convicted of a crime involving moral turpitude. Hence the first ground for affirmance of exclusion by the Assistant Commissioner of the Immigration and Naturalization Service must stand or fall with the second ground, and therefore the only material question before the Court is whether Teper was properly excluded on the ground of having been convicted of a crime involving moral turpitude.

Teper was convicted of "stealing a fur". The crime for which he was convicted, i.e., the offense of "stealing" is defined by the Larceny Act of 1916, 6 & 7 Geo. V., c. 50, as involving a criminal intent to permanently deprive another of property or something of value. The theft constituted the crime of larceny, and this has been continuously held to be a crime involving moral turpitude. U. S. ex rel. Meyer v. Day, 2 Cir., 1931, 54 F.2d 336; U. S. ex rel. Rizzio v. Kenney, D. C. Conn. 1931, 50 F.2d 418; U. S. ex rel. Parenti v. Martineau, D. C. Conn. 1930, 50 F.2d 902; U. S. ex rel. Ulrich v. Kellogg, 1929, 58 App.D.C. 360, 30 F.2d 984, 71 A.L.R. 1210. The amount of the theft is immaterial, for it has been often held that petit, as well as

grand larceny involves moral turpitude. U. S. ex rel. Chartrand v. Karnuth, D.C. W.D. N.Y. 1940, 31 F.Supp. 799; U. S. ex rel. Fracassi v. Karnuth, D.C.W.D. N.Y. 1937, 19 F.Supp. 581; Tillinghast v. Edmead, 1 Cir., 1929, 31 F.2d 81; Bartos **v.** United States, 8 Cir., 1927, 19 F.2d 722.

■ Once the fact of the conviction has been established, neither the immigration officials nor the court reviewing their decision may go outside the record of conviction to determine whether in the particular instance the alien's conduct was immoral, nor can they consider the circumstances under which the crime was in fact committed. U. S. ex rel. Guarino v. Uhl, D.C.S.D.N.Y. 1939, 27 F.Supp. 135, rev'd on other grounds, 2 Cir., 1939, 107 F.2d 399; U. S. ex rel. Chartrand v. Karnuth, supra; U. S. ex rel. Zaffarano v. Corsi, 2 Cir., 1933, 63 F.2d 757; U. S. ex rel. Meyer v. Day, supra; U. S. ex rel. Robinson v. Day, 2 Cir., 1931, 51 F.2d 1022. Though the rule may be harsh in a particular case, it must be followed as long as it is the rule in effect. As the court said in the case of U. S. ex rel. Robinson v. Day, cited supra; "When by its definition it (the crime) does not necessarily involve moral turpitude, the alien cannot be deported because in the particular instance his conduct was immoral. (Citing U. S. ex rel. Mylius v. Uhl, 2 Cir., 1914, 210 F. 860 and other cases.) Conversely, when it does, no evidence is competent that he was in fact blameless. Tillinghast v. Edmead, 1 Cir., 31 F.2d 81, 82." 51 F.2d at pages 1022–1023.

The Court cannot go outside of the record of conviction, and by the record of conviction the courts have indicated is meant the charge (indictment), plea, verdict, and sentence. U. S. ex rel. Guarino v. Uhl, supra, 27 F.Supp. at page 136; U. S. ex rel. Zaffarano v. Corsi, supra, 63 F.2d at page 759. However, the charge, plea, verdict and sentence are the limit of the record which the immigration officials or the court may consider. Certainly they do not constitute a minimum of evidence necessary, and never have been so considered. Even in the Corsi case cited above, the court said that if the indictment is not in

the record, an order of deportation can be supported if moral turpitude is inherent in the crime for which convicted. In several cases the courts have accepted less evidence than presented in the instant case to prove that the crime for which the alien was convicted involved moral turpitude. In the case of U. S. ex rel. Schreiber v. Reimer, D.C.S.D.N.Y. 1937, 19 F.Supp. 719, an official letter in French reciting that the alien had been sentenced for embezzlement and fined about $2 was held sufficient evidence, and in U. S. ex rel. Mongiovi v. Karnuth, D.C.W.D.N.Y. 1929, 30 F.2d 825, the court determined the question of moral turpitude only from the language of the New York statute under which the alien had been sentenced. In the case of U.S. ex rel. Chartrand v. Karnuth, supra, the court held that the unauthenticated certificate of a police court clerk and the admission of the relator were sufficient evidence to show the conviction for a crime involving moral turpitude, though the crime consisted of a theft of shoes valued at $12. In none of those cases was the indictment required to be put in evidence to prove moral turpitude.

■ In the instant case the record of conviction is in evidence and is undisputed, relator having admitted that he did steal a fur piece from his former wife, now deceased, that he pleaded guilty to the charge when brought before the Police Court and that he was accordingly fined. It is apparent from the cases cited that moral turpitude is deemed to be inherent in the crime of stealing for which Teper was convicted. It is also apparent that this Court cannot go outside the record of conviction on this question.

It therefore appears that the contentions of relator are unjustified and that the hearing before the Board of Special Inquiry was fair, just, and in accordance with the law, and its conclusions based upon good and sufficient evidence.

The writ of habeas corpus is dismissed and the relator remanded to the custody of the District Director, Immigration and Naturalization Service at Ellis Island, New York Harbor, New York.