**Eugenio LOZA–BEDOYA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 21696.**

United States Court of Appeals
Ninth Circuit.

April 16, 1969.

Rehearing Denied June 12, 1969.

John F. Sheffield (argued) and Norman B. Silver, Los Angeles, Cal., for petitioner.

James R. Dooley (argued), Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S.

Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Los Angeles, Cal., Joseph Sureck, San Pedro, Cal., Stephen Suffin, I. N. S., San Francisco, Cal., John N. Mitchell, Atty. Gen., Washington, D. C., for respondent.

Before HAMLEY and MERRILL, Circuit Judges, and REAL,* District Judge.

REAL, District Judge:

This matter comes before the Court upon Petition For Review of an Order of Deportation filed by petitioner EUGENIO LOZA-BEDOYA seeking to challenge a decision of the Board of Immigration Appeals denying his Motion To Reopen Deportation Proceedings. Jurisdiction is vested in this Court pursuant to Section 106(a) of the Immigration and Nationality Act [8 U.S.C. § 1105a(a)]. Giova v. Rosenberg, 379 U.S. 18, 85 S. Ct. 156, 13 L.Ed.2d 90 (1964).

Petitioner is a native and citizen of Mexico who first entered the United States, unlawfully, in 1944. Since that first entry petitioner has been deported upon several occasions. In spite of these deportations petitioner has maintained almost continuous residence, having contracted marriage to a United States citizen and fathered three native born United States citizen children.

Petitioner has never been admitted for permanent residence in the United States, although he has entered this country on five separate occasions without inspection. Petitioner was last deported from the United States on March 8, 1962. His last entry into the United States occurred May 3, 1963.

On January 8, 1964, an Order To Show Cause And Notice Of Hearing was issued by the Immigration and Naturalization Service charging petitioner to be deportable pursuant to Section 241(a) (2) of the Immigration and Nationality Act [8 U.S.C. § 1251(a) (2)][1] for entry into

---

* The Honorable Manuel L. Real, United States District Judge for the Central District of California, sitting by designation.

1. 8 U.S.C. § 1251(a) (2) provides:
§ 1251. Deportable aliens—General classes
(a) Any alien in the United States (including an alien crewman) shall, up-

the United States on or about May 3, 1963, without inspection.

Hearings were had on January 15, 1964, and January 22, 1964, resulting in a decision of the Special Inquiry Officer ordering petitioner deported from the United States to Mexico.

On May 12, 1964, petitioner filed a Motion to Reopen the Deportation Proceedings for the purpose of applying for suspension of deportation as provided in Section 244(a) (1) of the Immigration and Nationality Act [8 U.S.C. § 1254(a) (1)].[2] The Special Inquiry Officer denied this motion on May 18, 1964. On appeal to the Board of Immigration Appeals the deportation hearing was ordered reopened for the purpose of affording petitioner an opportunity to file and prosecute applications for relief from deportation.

On August 11, 1964, petitioner filed applications for (1) Suspension of Deportation, (2) Voluntary Departure, (3) Permission to Reapply for Admission into the United States after Deportation, and (4) orally applied for Benefits of the Seventh Proviso to Section 3 of the Immigration and Nationality Act of 1917 [8 U.S.C. § 136(p)]. Granting only voluntary departure the Special Inquiry Officer denied the applications.

Appeal to the Board of Immigration Appeals was dismissed November 19, 1964.

A Petition for Preliminary Injunction and Stay of Deportation was filed in the United States District Court on May 27, 1966, and subsequently denied. On June 9, 1966, petitioner filed a petition with the Board of Immigration Appeals to reopen and reconsider its decision of November 19, 1964. This petition was denied July 8, 1966.

On August 16, 1966, petitioner filed a Petition for Review of Order of Deportation and this Court, upon motion of respondent, dismissed the proceedings upon the ground that:

"Review of the order of deportation was not timely sought by petitioner. While the petition for review was filed within six months of the order denying the motion to reopen and reconsider the order of deportation, the petition does not address itself to such order, and assigns neither error nor abuse of discretion in its entry."

In January 1967, petitioner again filed with the Board of Immigration Appeals a Petition To Reopen and Reconsider. This petition was denied March 8, 1967, and on March 20, 1967, the petitioner filed in this Court his Petition For Review Of Order Of Deportation.

---

on the order of the Attorney General, be deported who—

 (1) * * * * *

 (2) entered the United States without inspection or at any time or place other than as designated by the Attorney General or is in the United States in violation of this chapter or in violation of any other law of the United States;

2. 8 U.S.C. § 1254(a) (1) provides:

 § 1254. Suspension of deportation— Adjustment of status for permanent residence; contents

 (a) As hereinafter prescribed in this section, the Attorney General may, in his discretion, suspend deportation and adjust the status to that of an alien lawfully admitted for permanent residence, in the case of an alien who—

 (1) applies to the Attorney General within five years after the effective date

of this chapter for suspension of deportation; last entered the United States more than two years prior to June 27, 1952; is deportable under any law of the United States and is not a member of a class of aliens whose deportation could not have been suspended by reason of section 19(d) of the Immigration Act of 1917, as amended; and has been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of such application, and proves that during all of such period he was and is a person of good moral character; and is a person whose deportation would, in the opinion of the Attorney General, result in exceptional and extremely unusual hardship to the alien or to his spouse, parent or child, who is a citizen or an alien lawfully admitted for permanent residence;

The record herein relates the efforts of petitioner to become a permanent resident of the United States. Petitioner commenced his physical presence in the United States in 1944, by way of entry without inspection. His residence was interrupted by deportation in July, 1953, and resumed by entry without inspection in August, 1953. In 1957 petitioner, though in the United States unlawfully, worked with the Immigration Service in the apprehension of illegal aliens for five years until his deportation March 8, 1962. Returning to the United States, petitioner sought the help of a United States Congressman. Upon advice of the Congressman, petitioner left the United States and reported to an American Consular official in Mexico who ultimately denied his application for a visa. The only apparent reason for denial was the information furnished by the Immigration Service to the American Consulate advising that petitioner's conviction in 1951 for assisting the unlawful entry of a Mexican national as provided in Section 212(a) (31) of the Immigration and Nationality Act [8 U.S.C. § 1182 (a) (31)].[3] This advice was erroneous since the record discloses no finding that petitioner assisted the unlawful entry of a Mexican national for gain as required by statute to make petitioner excludable. Petitioner then made his final entry on May 3, 1963, without inspection.

Petitioner asks that we review the record to afford him an opportunity to correct errors which have precluded the consideration of discretionary relief or eligibility for a visa. Respondent argues that our review is limited to a consideration of an abuse of discretion of the denial of the Petition to Reopen of March 8, 1967, claiming that the deportation order against petitioner became final

November 19, 1964, when the Board of Immigration Appeals dismissed his last appeal.

 Section 106(a) of the Immigration and Nationality Act [8 U.S.C. § 1105a(a)] limits review to a petition filed "not later than six months from the date of the final deportation order." Our consideration, therefore, is limited to those matters reviewable upon the denial of petitioner's motion to Reopen and Reconsider denied March 8, 1967. Chul Hi Kim v. I.N.S., 357 F.2d 904 (7th Cir. 1966); Lopez v. I.N.S., 356 F.2d 986 (3rd Cir. 1966), cert. denied 385 U.S. 839, 87 S.Ct. 88, 17 L.Ed.2d 73; Greene v. I.N.S., 313 F.2d 148 (9th Cir. 1963), cert. denied 372 U.S. 828, 83 S.Ct. 1869, 10 L.Ed.2d 1052. To review that denial of relief a consideration of abuse of discretion would necessarily be two-fold— (1) if reasonably supported by *any* evidence the determinations of administrative tribunals must be affirmed; (2) if however, not supported by evidence or although supported by evidence the decision is the result of a misunderstanding of the law, an administrative determination will be reversed.

Petitioner does not deny the basic allegation of deportability, but raises two issues upon his Petition to Reopen and Reconsider. First, petitioner contends that he was denied the opportunity to contest the veracity of certain damaging evidence (1951 conviction) in his files. It is his contention that unless he is permitted to correct the record and the erroneous conclusion which the Immigration Service transmitted to the American Consulate, he can never legalize his entry and residence with his wife and children in the United States. Secondly, he contends that the Board of Immigration Ap-

---

3. 8 U.S.C. § 1182(a) (31)

§ 1182. Excludable classes of aliens; non-applicability to certain aliens; waiver of requirements; parole of aliens; report to Congress; suspension of entry by President

(a) Except as otherwise provided in this chapter, the following classes of aliens shall be ineligible to receive visas

and shall be excluded from admission into the United States:

\* \* \* \* \*

(31) Any alien who at any time shall have, knowingly and for gain, encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law.

peals erred in affirming a decision that he was not eligible for administrative relief from the Order of Deportation.

■■ Congress has conferred upon consular officers authority to issue or withhold a visa. Such determination is not subject to either administrative or judicial review, Section 221(a) of the Immigration and Nationality Act [8 U.S.C. § 1201(a)]; United States ex rel. Ulrich v. Kellogg, 58 App.D.C. 360, 30 F.2d 984 (1929), cert. denied, United States ex rel. Ulrich v. Stimson, 279 U.S. 868, 49 S.Ct. 482, 73 L.Ed. 1005; United States ex rel. London v. Phelps, 22 F.2d 288 (2nd Cir. 1927), cert. denied 276 U.S. 630, 48 S.Ct. 324, 72 L.Ed. 741, U.S. Code Cong. & Adm. News 82nd Cong. 2d Sess. House Report No. 1365 p. 1688. As harsh as the conclusions are here, a correction of the record could not in any manner affect the deportation petitioner seeks to avoid.

But correction of the error of law which precludes petitioner's efforts to effect a lawful entry is another matter. The record upon which petitioner comes to this Court does not permit determination of petitioner's excludability as the result of his 1951 conviction. The record does disclose that the Immigration Service, without evidence of the facts upon which petitioner was convicted in 1951, advised the American Consulate at Nogales that petitioner was in fact an excludable alien.

Though erroneous this Court is without jurisdiction to order an American consular official to issue a visa to any alien whether excludable or not. Section 221(a) of the Immigration and Nationality Act, 8 U.S.C. § 1201(a). See also United States ex rel. Ulrich v. Kellogg, *supra*, United States ex rel. London v. Phelps, *supra*.

In Braude v. Wirtz, 350 F.2d 702 (9 Cir. 1965) this Court said:

> " * * * we are constrained to hold that no right of judicial review exists on the part of these nonresident aliens of determinations made by the execu-

tive branch acting pursuant to Congressional directive."

We are no less constrained today though the facts presented to this Court are compelling for some sort of relief. The Immigration and Naturalization Service or the Congress can provide such relief, we cannot.

Since Section 106(a) limits our determination to whether the denial of petitioner's motion to reopen and reconsider was an abuse of discretion, we find no abuse and affirm the final order of deportation.