## MATTER OF GHUNAIM

### In Deportation Proceedings

### A-17650517 ·.

### *Decided by Board April 17, 1975*

Respondent was charged with the crime of murder in the first degree under 29 Ohio Revised Code Annotated § 2901.01 (1954). He pleaded guilty to a charge of Manslaughter First Degree, 29 Ohio Revised Code Annotated § 2901.06 (1954), and was sentenced ·to serve not less than one nor more than twenty years in the Ohio State Reformatory. This manslaughter statute applies to both voluntary and involuntary manslaughter. In order to determine whether a crime involving moral turpitude has been committed under this statute,·the conviction record must be analyzed. Here, respondent was indicted for murder, a voluntary crime. Examination of the conviction record leads to the conclusion that the respondent's conviction was for voluntary manslaughter, a crime involving moral turpitude. Since respondent was admitted to the United States in 1966, and convicted of this crime involving moral turpitude in 1968, he was deportable under section 241(a)(4) of the Immigration and Nationality Act.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted of a crime involving moral turpitude committed within five years after entry and sentenced to a year or more, to wit: manslaughter, first degree.

ON BEHALF OF RESPONDENT: Pro se

This is an appeal from the June 30, 1970 decision of the immigration judge in which he found the respondent deportable as charged, denied the respondent's application for temporary withholding of deportation under section 243(h) of the Immigration and Nationality Act, found him ineligible for any discretionary relief, and ordered his deportation. We agree with the immigration judge, and shall dismiss the appeal.

The alien respondent, a native and citizen of Jordan, last entered the United States on November 12, 1966. In the state of Ohio he was indicted for murder in the first degree under 29 Ohio Revised Code Annotated section 2901.01 (1954). [1] The indictment stated that on September 4, 1968 he "unlawfully, purposely and of deliberate and premedi-

---

[1] No person shall purposely, and either of deliberate and premeditated malice, or by means of poison, or in perpetrating or attempting to perpetrate rape, arson, robbery, or burglary, kill another. . . .

tated malice killed [a person]." The respondent originally pleaded not guilty to the offense charged in the indictment. Subsequently he retracted his former plea of not guilty and entered a plea of guilty to Manslaughter First Degree, 29 Ohio Revised Code Annotated section 2901.06 (1954), a lesser included offense. He was sentenced to the Ohio State Reformatory for an intermediate period, not less than one year nor more than 20 years.

The respondent is charged with being deportable under section 241(a)(4) of the Act as an alien in the United States who has been "convicted of a crime involving moral turpitude committed within five years after entry and either sentenced to confinement or confined therefor in a prison or corrective institution, for a year or more. . . ." The only issue to be resolved in this case is whether the crime of which the respondent was convicted is one involving moral turpitude. If there is a guilty plea to a lesser crime than that charged in the indictment, moral turpitude is assessed on the basis of the crime to which the alien pleaded guilty. *Valenti* v. *Karmuth*, 1 F. Supp. 370 (N.D.N.Y. 1932); *Matter of V—T—*, 2 I. & N. Dec. 213, 214-15 (BIA 1944).

The respondent in this case was convicted under 29 Ohio Revised Code Annotated section 2901.06 (1954) of manslaughter in the first degree. [2] Before the 1935 codification of the Ohio criminal law, manslaughter was defined as follows: "That if any person shall unlawfully kill another without malice, either upon a sudden quarrel, or unintentionally while the slayer is in the commission of some unlawful act, every such person shall be deemed guilty of manslaughter." It has been held by the Ohio courts that the present manslaughter statute encompasses the same offenses as did the crime of manslaughter at common law, including both voluntary and involuntary manslaughter. *Patrick* v. *Baldridge*, 107 Ohio App. 331, 159 N.E.2d 461 (1958); *State* v. *McDaniel*, 103 Ohio App. 1963, 1967, 144 N.E.2d 683 (1956). Murder and voluntary manslaughter are crimes involving moral turpitude; involuntary manslaughter is not. *Matter of Lopez*, 13 I. & N. Dec. 725 (BIA 1971).

Because the Ohio statute includes both voluntary and involuntary manslaughter, one of which involves moral turpitude and the other of which does not, we must study the conviction record, i.e. the charge or indictment, the plea, the judgment or verdict, and the sentence, to determine under which aspect of the statute the respondent was convicted. *Teper* v. *Miller*, 87 F. Supp. 285, 287 (S.D.N.Y. 1949).

The indictment charged that the respondent "unlawfully, purposely and of deliberate and premeditated malice killed [a person]." This is a first degree murder charge. However, the respondent was not convicted

---

[2] No person shall unlawfully kill another. Whoever violates this section. . . [exceptions not relevant here] is guilty of manslaughter in the first degree, and shall be imprisoned not less than one nor more than 20 years.

of first degree murder. He was convicted of first degree manslaughter, a lesser included offense. Therefore, we must disregard those allegations contained in the indictment which are pertinent only to the greater crime but not to the lesser. *Matter of Beato*, 10 I. & N. Dec. 730, 732–3, 735 (S.I.O.; BIA 1964). See *Matter of W—*, 4 I. & N. Dec. 241, 245 (BIA 1951). The Ohio manslaughter statute makes no mention of malice. It simply states that manslaughter is the unlawful killing of another person, not amounting to murder. 29 Ohio Revised Code Ann. §2901.06 (1954), supra.

For the respondent to have been convicted of manslaughter in the first degree, he had to have been convicted of unlawfully killing another, either upon a sudden quarrel (voluntary), or unintentionally while in the commission of some unlawful act (involuntary). *State* v. *McDaniel*, supra. It is not alleged in the indictment that the respondent was involved in the commission of some unlawful act other than the unlawful killing. It appears, then, that the conviction was not for involuntary manslaughter, because a necessary element of that crime was not alleged in the indictment. Id. The respondent was indicted for murder, a voluntary act by definition. Both because it appears that he was not convicted of involuntary manslaughter, and because he was indicted for a voluntary crime, our examination of the conviction record leads us to the conclusion that the respondent was convicted of voluntary manslaughter.

In *Matter of S—*, 2 I. & N. Dec. 559 (A.G. 1947), an Ohio case involving the predecessor to section 2901.06, which was similar in wording and history to the statute here involved, the Attorney General found that the convictions did involve voluntary manslaughter because the original indictments, for second degree murder in that case, clearly charged the alien with voluntary killing. *Matter of Lopez*, supra, is distinguishable, although the Alaska statute involved there is virtually identical to the one in the present case, because the manslaughter indictment in that case did not clearly charge that respondent with a voluntary killing.

In sum, we find that the respondent's deportability as charged in the order to show cause has been established by evidence which is clear, convincing, and unequivocal. Moreover, we agree with the immigration judge that the respondent is ineligible for discretionary relief and for temporary withholding of deportation under section 243(h) for the reasons stated by the immigration judge in his excellent opinion. Accordingly, the following order will be entered.

ORDER: The appeal is dismissed.