## MATTER OF DELAGADILLO

### In Exclusion Proceedings

#### A-13541662

*Decided by Board July 21, 1975*

Respondent's conviction in Mexico of the offense of fraud (fabrication of a property transfer in an unsuccessful attempt to reduce his wife's potential settlement in a divorce action) in violation of Article 367 of the Code of Social Defense of the State of Chihuahua, Mexico, is not a conviction of a crime involving moral turpitude.

EXCLUDABLE: Act of 1952—Section 212(a)(9) [8 U.S.C. 1182(a)(9)]—Convicted of crime involving moral turpitude.

Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immigrant without valid immigrant visa.

ON BEHALF OF APPLICANT: Joseph J. Rey, Sr., Esquire
543 Magoffin Avenue
El Paso, Texas 79901

In a decision dated February 16, 1973, the immigration judge granted the applicant a retroactive waiver of the documentary requirements for admission under section 211(b) of the Immigration and Nationality Act, ordered the applicant admitted to the United States, and certified his decision to us for final disposition. The decision of the immigration judge will be affirmed.

The applicant is a native and citizen of Mexico. He was admitted to the United States as an immigrant in September of 1963. In 1967 he was convicted in Mexico of several crimes. On appeal, only one of the convictions was upheld.

After again gaining admission to the United States, the applicant was placed in deportation proceedings. The Service at that time alleged that the applicant was deportable as an alien who had been excludable at entry because of his Mexican conviction. The immigration judge, however, found that the applicant's conviction was not for a crime involving moral turpitude, and the immigration judge terminated the deportation proceedings.

The Service appealed from the immigration judge's decision. However, we never resolved that appeal because the applicant had departed the United States, had attempted to be readmitted, and had been placed

395

in exclusion proceedings while his case was on appeal. We accordingly returned the record to the Service.

In these exclusion proceedings, the Service has renewed as a ground of alleged excludability its contention that the applicant was convicted of a crime involving moral turpitude. The Service also contends that the applicant is excludable under section 212(a)(20) as an immigrant without valid documentation.

The immigration judge concluded that the applicant had made several entries by presenting his Alien Registration Receipt Card (Form I-151) after lengthy absences from the United States, and that the Form I-151 was not valid as an entry document at these times. However, the immigration judge granted the applicant retroactive, or nunc pro tunc, waiver of documentary requirements under section 211(b) for these entries. The immigration judge then found that the applicant qualified for admission as a returning resident.

The Service does not challenge the immigration judge's grant of the section 211(b) waiver, and our review of the record satisfies us that the immigration judge's decision was proper. The only question before us then is whether or not the applicant is excludable under section 212(a)(9) as an alien who has been convicted of a crime involving moral turpitude.

There is some confusion in the record regarding the precise crime of which the applicant was convicted. The immigration judge, however, found that the conviction was under Article 367 of the Code of Social Defense of the State of Chihuahua, Mexico. The parties do not contest this finding.

Article 367 of the Code of Social Defense provides:

> The antisocial offense of fraud is committed by the person who, deceiving another, or taking advantage of an error in which the latter may find himself, illegally takes something from him or gains an unjust enrichment.

The immigration judge concluded that the statute as worded could be applied to activity which may or may not involve moral turpitude. We do not have the benefit of Mexican cases construing the provisions of Article 367. We nevertheless agree with the immigration judge that the statute appears to encompass both crimes which do, and crimes which do not involve moral turpitude. By its terms, the statute does not require the taking of *another's* property. It could therefore punish any act of deception used in retrieving one's own property, if the property was retrieved in a manner which Mexico deems to be illegal.

Since the statute defines both crimes which do and crimes which do not involve moral turpitude, we may look to the record of conviction to determine whether moral turpitude inheres in the crime which was actually commited. See *Matter of Ghunaim*, 15 I. & N. Dec. 269 (BIA 1975); *Matter of Grazley*, 15 I. & N. Dec. 330 (BIA 1973); *Matter of M–*,

I. & N. Dec. 132 (BIA 1960); *Matter of T–*, 2 I. & N. Dec. 22 (BIA 944; A.G. 1944). Furthermore, United States standards are applied in udging whether or not a foreign crime involves moral turpitude. See *J.S. ex rel. McKenzie v. Savoretti*, 200 F.2d 546 (C.A. 5, 1952); *Mercer r. Lence*, 96 F.2d 122 (C.A. 10, 1938), cert. denied, 305 U.S. 611 (1938).

The Mexican appellate court opinion discusses in detail the various crimes of which the applicant was accused and convicted in the lower court. The appellate court sustained only the conviction under Article 367. The appellate court's opinion indicates that the applicant had been supporting his wife and family in Mexico, that he had reason to believe that his wife was having extramarital sexual relations in his absence, and that he fabricated a property transfer in an unsuccessful attempt to reduce his wife's potential settlement in a divorce action.

We have concluded that the applicant's conduct, which in the United States would generally be only civilly actionable, was not so base or vile as to be deemed morally turpitudinous under United States standards. He has not been convicted of a crime involving moral turpitude. The decision of the immigration judge was correct.

ORDER: The decision of the immigration judge is affirmed.

397