Maria HERMINA SAGUE et al., Plaintiffs,

v.

UNITED STATES of America et al., Defendants.

Civil No. 75–168.

United States District Court, D. Puerto Rico.

Jan. 15, 1976.

**218**

Luis F. Abreu, Rio Piedras, P. R., for plaintiff.

Julio Morales Sanchez, U. S. Atty., San Juan, P. R., R. E. Courtney III, Crim. Div., Government Regulations Sec., U. S. Dept. of Justice, Washington, D. C., for defendant.

## OPINION AND ORDER

TORRUELLA, District Judge.

On September 18, 1971 in France, Plaintiff Marc Joseph Marie Berger; hereinafter called Plaintiff Berger, a citizen of the Republic of France, married Plaintiff Maria Hermina Sague, hereinafter called Plaintiff Sague, a citizen of the United States of America. Thereafter, on November 9, 1973, Plaintiff Berger applied for an immigration visa to the United States Consular Officer in France. His application was denied by said official pursuant to a decision that Plaintiff Berger was ineligible for a visa under the provisions of Section 212(a) of the Immigration and Naturalization Nationality Act, 8 U.S.C. § 1182(a).

Plaintiffs contend that the denial of Plaintiff Berger's visa has deprived them of enjoying a family life together with Plaintiff Berger's relatives, who live within the territory of the United States, and has deprived both of them of rights, privileges and immunities guaranteed by the Constitution and Laws of the United States. Plaintiffs have thus filed an action pursuant to 42 U.S.C. § 1981 et seq., requesting that this Court declare unconstitutional the laws upon which Defendants relied to deny Plaintiff Berger's petition, and seek an order directing Defendants to grant a visa to Plaintiff Berger. Plaintiffs further claim monetary damages from Defendants.

Defendants have filed a Motion to Dismiss alleging that this Court lacks jurisdiction over the subject matter of this action in that the same is tantamount to a judicial review of the consular officer's decision to withhold the visa, a procedure which Defendants contend is not contemplated by any law.

We are forced to conclude that this contention is well taken.

The exclusion of aliens from within the territory of a nation is a fundamental act of sovereignty concomitant with the executive power to control the foreign affairs thereof. This exercise of executive power is promulgated exclusively through the representatives of said Branch of Government, without judicial intervention. *Kleindienst v. Mandel*, 408 U.S. 753, 92 S.Ct. 2576, 33 L.Ed.2d 683 (1972); *Krouff v. Schaughnessy*, 338 U.S. 537, 542, 70 S.Ct. 309, 94 L.Ed. 317 (1949); In *Lem Moon Sing v. U. S.*, 158 U.S. 538, 547, 15 S.Ct. 967, 39 L.Ed. 1082 (1895).

Until 1875, alien migration to the United States was unrestricted. The first restrictive legislation to be passed by Congress was the Act of March 3, 1875 (18 Stat. 477). Thereafter, the pattern has been one of increasing control. See 1952 U.S.Code Cong. & Admin.News, at p. 1660; *Kleindienst v. Mandel*, supra.

The Immigration and Nationality Act of 1952 8 U.S.C.A. § 1181 et seq., provides the terms and conditions whereby an alien may enter the United States. This Statute establishes that the alien shall apply for an immigration or nonimmigration visa to the United States consular officer in his country. 8 U.S.C. Secs. 1201–1202. Except as provided for by law, no immigrant shall be admitted into the United States unless at the time of application for admission, he has a valid unexpired immigration visa. 8 U.S.C. Sec. 1181(a). The visas afford the government a preliminary investigation of the fitness of the alien to enter the country before he comes to our shores and applies for admission. The issuance of a visa is not an automatic admission to the United States. 8 U.S.C. Sec. 1201(h). It

only enables the alien to present himself at the port of entry for inspection, and prove his right to admission, if any. *United States v. Reimer*, 101 F.2d 267, 269 (2nd Cir. 1939).

Congress has conferred upon consular officers the authority to issue visas to eligible immigrants under the provisions of the law, 8 U.S.C. Secs. 1101(a)(9), (16); 1201. It has been consistently held that the consular officer's decision to issue or withhold a visa is not subject, either to administrative or judicial review. *U. S. ex rel. Ulrich v. Kellogg*, 30 F.2d 984 (C.A.D.C., 1929), cert. den. 279 U.S. 868, 49 S.Ct. 482, 73 L.Ed. 1005 (1928); *Licea-Gómez v. Pilliod*, 193 F.Supp. 577, 582 (N.D.Ill., 1960); *Burrafato v. United States Department of State*, 523 F.2d 554 (C.A.2, 1975); *Loza-Bedoya v. Immigration and Naturalization Service*, 410 F.2d 343, 347 (9th Cir. 1969); *Kleindienst v. Mandel*, supra.

Since 1929, in *United States ex rel. Ulrich v. Kellogg*, supra, at page 986, wherein a German citizen married to a United States citizen applied for a nonimmigrant visa to the United States consul in Berlin, it has been held that:

"We are not able to find any provision of the immigration laws which provides for an official review of the action of the consular officer in such cases by a cabinet officer or other authority."

In the case of *Licea-Gómez v. Pilliod*, supra, the plaintiff asked the Court to clarify his status in applying for an immigrant visa. The Court held, at page 582:

"To allow plaintiff a hearing and adjudication on his eligibility for citizenship would completely circumvent the provisions of the Immigration and Nationality Act of 1952 granting exclusively to consuls the right to issue visas. Such a hearing would mean that everyone denied a visa by a consul could present himself at a border without a visa and get an adjudication on his status under any of the various exclusionary provisions of Sec. 212 [8 U.S.C. Sec. 1182]. Then after such a declaration, if favorable, he could reapply to the consul. This is certainly not what Congress intended in the statute, and the Court cannot here undermine the statutory scheme and allow plaintiff by this proceeding, to review the consul's action."

In the case of *Loza-Bedoya v. Immigration and Naturalization Service*, supra, cited by both parties, the petitioner asked for a visa in Mexico which was denied based upon erroneous information in his records. He sought to correct that information through a motion to reopen his deportation case. The Court did find the error in the records which excluded petitioner from obtaining the visa, but held:

"Though erroneous this Court is without jurisdiction to order an American consular official to issue a visa to any alien whether excludable or not." (citations omitted).

In *Braude v. Wirtz*, 350 F.2d 702 (9th Cir. 1965) the Court said:

" . . . we are constrained to hold that no right of judicial review exists on the part of these nonresident aliens of determinations made by the executive branch acting pursuant to Congressional directive."

Plaintiffs make reference in their memorandum to some cases which provide for judicial review, specifically to the case of *Lai Haw Wong v. Immigration and Naturalization Service*, 474 F.2d 739 (9th Cir. 1973). The Petitioner in that case was an alien paroled within the United States territory until his status was determined and he appealed to the Court of Appeals from an expulsion order. The Court held that the district court had original jurisdiction, rather than the Appeals Court, as the action did not arise out of a deportation proceeding. In the case at bar, the denial of the visa does not arise out of an exclusion or deportation proceeding.

Plaintiff Berger is not within the territory of the United States. See also: *Cheng Fan Kwak v. Immigration and Naturalization Service*, 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968); *Kan Kam Lin v. Rinaldi*, 361 F.Supp. 177 (D.C.N.J. 1973), affirmed 493 F.2d 1229 (C.A.3, 1974).

In *Brownell v. Thom We Shung*, 352 U.S. 180, 77 S.Ct. 252, 1 L.Ed.2d 225 (1956), the Supreme Court held that *exclusion orders* may be challenged either by habeas corpus or by declaratory judgment action under Section 10 of the Administrative Procedure Act. 5 U.S.C. §§ 701–706. Nevertheless, the Supreme Court noted at footnote 3, p. 184, 77 S.Ct. at p. 255:

"We do not suggest, of course, that an alien who has never presented himself at the borders of this country may avail himself of the declaratory judgment action by bringing the action from abroad."

The Court further cited Senate Report Number 1137, 82d Cong. 2d Sess., as follows:

"Exclusion procedures . . . The omission of the language is not intended to grant any review of determinations made by consular officers . . ."

Additionally, in the legislative history of the Immigration and Nationality Act of 1952, supra, we find further support for Defendant's contention. See 1952 U.S.Code Cong. & Admin.News, at p. 1688.

"*Consular decisions.*—Although many suggestions were made to the committee with a view toward creating in the Department of State a semijudicial board, similar to the Board of Immigration Appeals, with jurisdiction to review consular decisions pertaining to the granting or refusal of visas, the committee does not feel that such body should be created by legislative enactment, nor that the power, duties and junctions conferred upon consular officers by the instant bill should be made subject to review by the Secretary of State. . . ."

(House Report No. 1365, 82nd Congress, 2d Session), U.S.Code Cong. & Admin. News, 1952, p. 1688.

The citations to legislative history made by Plaintiffs in their brief are not on point but rather deal with the rights of naturalized citizens (p. 1676 op. cit.), the provisions of the law which favor the alien spouses of United States citizens within the immigration quotas, (p. 1691 op. cit.), the reference to the discretionary authority of the Attorney General when the Law provides for waiver of exclusions (p. 1705 op. cit.), and to the regulations the Attorney General will approve for the conduct of the deportation proceedings (p. 1712 op. cit.). We cannot therefore find anything in the legislative history of the Act to support Plaintiffs' contention.

Plaintiff Sague contends that as a citizen of the United States, married to an alien to whom a visa has been denied, she has been deprived of her right to live within the territory of the United States with her husband and her family. However, plausible this argument may seem, there is no constitutional right of a citizen spouse, who voluntarily chooses to marry an alien outside the jurisdiction of the United States, to have her alien spouse enter the United States. See *Burrafato v. Immigration and Naturalization Service*, supra; *Noel v. Chapman*, 508 F.2d 1023, 1027–28 (2nd Cir. 1975). No citizen can, by the individual action of contracting matrimony in a foreign jurisdiction with an alien, deprive the United States of as fundamental an act of sovereignty as is the determination of what aliens may enter its territory.

The Plaintiffs cite *Lennon v. Immigration*, 527 F.2d 187 (C.A.2, 1975, 44 L.W. 2169); and *Loza-Bedoya v. Immigration and Naturalization Service*, supra, in support of their position, but these cases involved deportation proceedings and are thus clearly distinguishable.

It has long been held that once an alien has entered our jurisdiction, even illegally, he may only be expelled after proceedings conforming to the traditional standards of fairness encompassed in due process of law. However, as the Court held in *Shaughnessy v. Mezei*, 345 U.S. 206, 212, 73 S.Ct. 625, 629, 97 L.Ed. 956 (1952), that "an alien on the threshold of initial entry stands on a different footing: whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned. . . ."

In the case at bar, Plaintiff Berger, an alien, was denied a visa to enter the

United States by the consular officer in France. He is not within the territorial jurisdiction of the United States. He has not been the subject of an exclusion or deportation proceeding. He seeks review of the consul's determination. As the Court of Appeals for the Second Circuit held in the case of *United States ex rel. London v. Phelps*, 22 F.2d 288, 290, cert. denied 276 U.S. 630, 48 S.Ct. 324, 72 L.Ed. 741 (1928) said:

> "Whether the consul has acted reasonably or unreasonably, is not for us to determine. Unjustifiable refusal to visé a passport may be ground for diplomatic complaint by the nation whose subject has been discriminated against . . . It is beyond the jurisdiction of the court."

▉ Finally, the Plaintiffs cite as an independent basis of jurisdiction Section 1152(a) of Title 8 U.S.C. which reads as follows:

> "No person shall receive any preference or priority or be discriminated against in the issuance of an immigration visa because of his *race, sex, nationality, place of birth, or place of residence,* . . ."

Plaintiffs in the case at bar do not contend they have been discriminated against because of race, sex, nationality, place of birth, nor place of residence.

Therefore, this Court concludes that it lacks jurisdiction to entertain this petition.

In view of the foregoing, the Court hereby ORDERS, ADJUDGES and DECREES that Plaintiffs' petition be and the same is hereby dismissed.

The Clerk of the Court shall enter judgment accordingly.

IT IS SO ORDERED.