**Noli CAPISTRANO; et al., Plaintiffs—Appellants,**

v.

**DEPARTMENT OF STATE; et al., Defendants—Appellees.**

No. 06–55912.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 2008.

Filed Feb. 19, 2008.

Nancy E. Miller, Esq., Robert L. Reeves & Associates, Lori B. Schoenberg, Esq.,

ed by Ninth Circuit Rule 36–3.

**594**

Pasadena, CA, First Fl., Law Offices of John R. Perry Encino Law Center, Encino, CA, for Plaintiffs–Appellants.

Gwendolyn Millicent Gamble, Esq., USLA–Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, for Defendants–Appellees.

Before: PREGERSON and WARDLAW, Circuit Judges, and LEIGHTON *, District Judge.

### MEMORANDUM **

Fifteen Filipino visa applicants, along with their American citizen or permanent resident relatives, appeal the district court's dismissal of their complaint alleging that the American consulate in Manila failed to follow proper protocol in determining that the applicants were inadmissable for entry into the United States due to admissions of prior drug use.[1] Upon the motion of the Department of State, the district court dismissed the complaint because the doctrine of consular nonreviewability deprived it of subject matter jurisdiction over the case. We agree and hold that we lack subject matter jurisdiction to review the consul's decision to deny visas to these applicants for the same reason.

The doctrine of consular nonreviewability predates the founding of our Republic. *See Saavedra Bruno v. Albright*, 197 F.3d 1153, 1158–59 (D.C.Cir.1999) (noting that the doctrine "is in accordance with ... ancient principles of international law ... dating from Roman times"). We have consistently held that this doctrine prevents us from reviewing decisions reached by consular officials regarding the entry of visa applicants. *See, e.g., Li Hing of Hong Kong v. Levin*, 800 F.2d 970, 970 (9th Cir.1986) ("The doctrine of nonreviewability of a consul's decision to grant or deny a visa stems from the Supreme Court's confirming that the legislative power of Congress over the admission of aliens is virtually complete."); *Ventura–Escamilla v. Immigration and Naturalization Service*, 647 F.2d 28, 30 (9th Cir.1981) (holding that we lack jurisdiction when "the relief sought is a review of the Consul's decision denying their application for a visa"). This aligns the Ninth Circuit with courts nationwide. *See, e.g., Centeno v. Shultz*, 817 F.2d 1212, 1214 (5th Cir.1987) ("This result is in accord with our prior holdings that decisions of United States consuls on visa matters are not reviewable by the courts."); *Wan Shih Hsieh v. Kiley*, 569 F.2d 1179, 1181 (2d Cir.1978) ("It is settled that the judiciary will not interfere with the visa-issuing process."); *Saavedra Bruno*, 197 F.3d at 1159–60 ("For the greater part of this century, our court has therefore refused to review visa decisions of consular officials.").

That the Appellants characterize their complaint as one challenging the process followed by the consulate rather than its ultimate decision does not exempt the case

---

\* The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The American relatives of the visa applicants successfully petitioned, pursuant to 8 U.S.C. §§ 1151, 1153, and 1154, for their relatives' eligibility to apply for a visa. That these petitions were granted in the United States, however, did not relieve the consular officials abroad of their duty to review whether the individual Filipino applicants qualified for visas. It is the action of the consulate officials in Manila that is being challenged.

from this well-settled doctrine. *See Loza–Bedoya v. Immigration and Naturalization Service,* 410 F.2d 343, 347 (9th Cir. 1969). At its core, the relief sought by the Appellants would require the Manila consulate to revisit its decision denying the visa applications. Issuing such relief would be exactly what the doctrine of consular nonreviewability prevents us from doing.

**AFFIRMED.**