**ELD-047-E**                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3819
_____

LAUREEN O. ONUCHUKWU (nee EBIDO);
CHUKWUSOM A. ONUCHUKWU,

                                                            Appellants

v.

HILLARY CLINTON, SECRETARY OF STATE;
ERIC H. HOLDER, ATTORNEY GENERAL OF THE UNITED STATES;
ALEJANDRO MAYORKAS, DIRECTOR U.S. CITIZENSHIP &
IMMIGRATION SERVICES; JANET NAPOLITANO,
SECRETARY OF DEPARTMENT OF HOMELAND SECURITY;
DONA M. BLAIR, CONSULATE GENERAL UNITED STATES LAGOS NIGERIA;
JOHN E. THOMPSON, DIRECTOR OF THE U.S. CITIZENSHIP AND
IMMIGRATION SERVICES, NEWARK DISTRICT,
individually in their official capacity
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 10-cv-01490)
District Judge:  Honorable Jose L. Linares
_____

Submitted on Appellants' Motion to Expedite
September 28, 2010

Before:  FISHER, HARDIMAN and NYGAARD, <u>Circuit</u> <u>Judges</u>.

(Filed: September 28, 2010)
_____

OPINION
_____

PER CURIAM

Laureen O. Onuchukwu and her husband, Chukwusom A. Onuchukwu, citizens of Nigeria, filed a complaint for mandamus relief in the District Court, seeking an order to compel the Secretary of State to readjudicate Ms. Onuchukwu's diversity visa application. She applied after being selected in a computerized lottery drawing for a diversity visa for the 2010 fiscal year. A consular officer denied her application on December 2, 2009, concluding that she did not possess the requisite academic qualification to qualify for a diversity visa under 8 U.S.C. § 1153(c).[1] On July 29, 2010, a consular officer denied her husband's application because he could not benefit derivatively from his wife's denied visa application. The District Court, granting the defendants' motion to dismiss for lack of subject matter jurisdiction and citing the doctrine of consular nonreviewability, denied the Onuchukwus' complaint. The District Court also denied the Onuchukwus' motion for summary judgment as moot.

The Onuchukwus filed a notice of appeal, which they submit, in the alternative, as a petition for writ of mandamus to compel the Secretary of State or the United States consul in Nigeria to issue visas to them on or before September 30, 2010, the end of the 2010 fiscal year. The Onuchukwus submit a motion to expedite their appeal. They ask for a ruling before September 30, 2010, because under the regulations governing the

_____

[1]The complaint provides only this basis for the denial. The Government certified, however, that the application also was denied because Ms. Onuchukwu willfully misrepresented a material fact.

2

issuance of diversity visas, "under no circumstances may a consular officer issue a visa or other documentation to an alien after the end of the fiscal year during which an alien possesses diversity visa eligibility."  22 C.F.R. § 42.33.  In light of this regulation, they fear their case will become moot after this Thursday, the end of the fiscal year.  The Government, in response, asks us to deny the motion to expedite, dismiss the appeal, and affirm the District Court's decision.

We grant the Onuchukwus' motion to expedite and turn to the merits of their appeal, over which we have jurisdiction pursuant to 28 U.S.C. § 1291.[2]  We exercise plenary review over questions of subject matter jurisdiction.  See Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).  Upon review, we will summarily affirm the District Court's order because no substantial issue is presented on appeal.  See L.A.R. 27.4; I.O.P. 10.6.

The District Court properly held that it could not entertain the challenge to the consul's decision to deny a visa to Ms. Onuchukwu (and the subsequent decision to deny a visa to her husband).  The widely applied doctrine of consular nonreviewability generally places a consular official's decision to issue or withhold a visa outside the scope of judicial review.  See Saavedra Bruno v. Albright, 197 F.3d 1153, 1158-64 (D.C. Cir. 1999) (stating the rule, detailing its history, and collecting cases); see also, e.g., Centeno

---

[2]Despite asking us to dismiss the appeal on the basis that the doctrine of consular nonreviewability precludes our review of the consular official's decision, the Government concurs that we have jurisdiction under § 1291 to review the District Court's decision.

v. Shultz, 817 F.2d 1212, 1214 (5th Cir. 1987) ("[T]he denial of visas to aliens is not subject to review by the federal courts.").  Although Congress could provide an avenue through which courts could review consular decisions on visas, see Saavedra Bruno, 197 F.3d at 1160, jurisdiction is not available through the statutes, such as the Declaratory Judgment Act or the Administrative Procedures Act, that the Onuchukwus cited in the District Court, see Wan Shih Hsieh v. Kiley, 569 F.2d 1179, 1181-82 (2d Cir. 1978).

Although the Onuchukwus argued the Secretary of State (through the consul) failed to perform a ministerial duty, they did not dispute that the visa petitions were adjudicated.  Their actual challenge was and is to the consular official's determination about visa eligibility.  See 8 U.S.C. § 1153(c)(2) ("An alien is not *eligible* for a visa under this subsection unless the alien – (A) has at least a high school education or its equivalent.") (emphasis added).  Ms. Onuchukwu presented evidence of a high school education; the consular official rejected that evidence and denied the visa (and the denial of Mr. Onuchukwu's visa followed).  We cannot and do not resolve the dispute about Ms. Onuchukwu's level of education.  Instead, we note that as long as the consular official has made a determination, see Patel v. Reno, 134 F.3d 929, 931-32 (9th Cir. 1998) (distinguishing suits challenging the authority of consul to take or fail to take an action), even an erroneous decision escapes review, see Loza-Bedoya v. Immigration & Naturalization Service, 410 F.2d 343, 347 (9th Cir. 1969).

4

For these reasons, we will affirm the District Court's decision.[3]  To the extent that the Onuchukwus seek mandamus relief from us, we deny their request.  We note first that a district court, not a court of appeals, has original jurisdiction over a mandamus action to compel an officer or employee of the United States to perform a duty.  See 28 U.S.C. § 1361.  Second, for the reasons given above, we have concluded that the duty to adjudicate the visa petitions in this case has been performed (albeit with a result different from the one that the Onuchukwus desired).

---

[3]To the extent that the Government's response includes a motion to dismiss, we deny the motion.